Judge Ewing

delivered the opinion of the court.
Pash was presented by the Grand Jury, for betting with and winning and receiving twenty dollars, from Overall, Newbolt and Shirley, that Clayton Slaughter would beat John Samuels, at the ensuing election—they, together with two others, being candidates to represent the county of Nelson in the next General Assembly of Kentucky.
It having been proven that the money was bet and staked and won by Pash, and evidence tending to show that it was received by him at the instance of his counsel, the Court instructed the jury, “that, unless they believed from the evidence, that the defendant betted on the election of one candidate over all competitors at the election, and over all those running in the same county, for the same office, then it was not such betting on the event of the election as was contemplated and intended to be prohibited by the statute, and their verdict ought to be for the defendant.”
The jury having found a verdict for the defendant and an exception taken to the instruction of the court, the case has been brought to this court, by the commonwealth for revision.
We cannot doubt that the instruction of the Court was clearly erroneous.
If the Circuit Court’s construction of the statute be correct, it must be rendered a dead letter in our statute code, and all the evils intended to be remedied by it, remain uncorrected. As it would require no stretch of ingenuity, to evade its provisions in every instance. For nothing less than a bet on one candidate against the field, or on the final success of one candidate over all other competitors, would fall within its inhibitions. We *32 cannot give so restricted a construction to the provisions of this beneficial statute. A bet, that one candidate will beat another, as it falls within the evils intended to be suppressed, must be construed to be a bet “on an election" within the contemplation of the sixth section of the act.
Judgment reversed, and cause remanded, that a new trial may be granted.