# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## SUMMER TERM, 1855.

Commonwealth *vs.* Kennedy.                    INDICTMENT.

APPEAL FROM CARTER CIRCUIT.                Case 1.

1. Though an indictment describes an offense punished by statute, it is not *now* necessary that it should conclude "against the form of the statute."
2. Any wager upon the result of an election, or on the vote at any particular precinct, or on the number of votes that any candidate may receive, is within the prohibition of the statute. (9 *Dana*, 31.)

The facts of the case are clearly stated in the opinion of the court.

*J. Harlan, Attorney General,* for the commonwealth—

The circuit judge sustained a demurrer to the indictment, but upon what grounds is not stated. The allegations bring the case within the provisions of the act of last session, (*Acts*, 1853–4, *page* 73.) The bet was that Kennedy would obtain one hundred votes at a certain precinct in Carter county, for the office of clerk of that county. It was a bet upon the result of an election under the constitution and laws of the State of Kentucky, for which a penalty of $100 is given by the act. The act reads: "If any person or persons shall wager or bet any sum of money, or anything of value, upon any election, under the constitution and laws of this commonwealth, or the con-

COMMONWEALTH
*vs.*
KENNEDY.

stitution and laws of the United States, he or she so offending shall forfeit and pay the sum of $100 each, to be recovered," &c. *Commonwealth vs. McAfee*, 8 *Dana*, 28; *same vs. Pash*, 9 *Dana*, 31, are relied upon in support of the views herein presented.

The intention of the Legislature was to protect the elective franchise, and prohibit the doing of any act which might have an improper influence on the electors. Wagering money on the result of an election, whether it be the number of votes which a candidate might receive at a precinct, a county, a district, or the whole State, has a tendency to induce the betters and their immediate friends to use improper means to win the stakes; and the statute should receive a liberal construction to discourage the pernicious practice. The existence of our political institutions depends upon keeping the ballot-box pure.

June 5.

Chief Justice MARSHALL delivered the opinion of the Court—

This indictment charges Kennedy with the offense of betting on an election, which it specifies by stating, that on the 7th of August, 1854, he did bet and wager $100 with Wm. K. Elliott, that he, Kennedy, would get and receive at the Little Fork precinct, in Carter county, one hundred votes for the office of clerk of the County Court of said county, for which office he was then and there a candidate, at the election then and there held under the laws and constitution of Kentucky. It concludes against the peace and dignity of the commonwealth, without reference to the statute. And the indictment having been

1. Though an indictment describes an offense punished by statute, it is not *now* necessary that it should conclude "against the form of the statute."

quashed upon demurrer, the case has been brought here by the commonwealth. Assuming the indictment to have been founded on a statute, the omission of the words "against the form of the statute," would, according to the former law, have been fatal to it if it describes an offense denounced by one of our statutes. (*McCullough vs. Commonwealth, Hardin,*

95.) But any objection on this ground is, as we apprehend, removed by article 2 of the Code of Practice in criminal cases, and especially by sections 121, 128, and 129, the substance of which is that an indictment is sufficient if it shows intelligibly the offense intended to be charged; and that it shall not be deemed insufficient, by reason of any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits.

The material question is, whether this indictment describes sufficiently any offense denounced and punished by statute; and we think it does describe, with all requisite precision, the offense described in the first section of the act of March, 1854. (*Session Acts*, 1853–4, *pages* 72–3.) That act declares, that if any person or persons shall wager or bet any sum of money or anything else of value, upon any election under the constitution and laws of this State, or of the United States, he or they so offending shall forfeit and pay the sum of $100 each, to be recovered by indictment, &c. Upon comparing the act described in the indictment with that described in this sentence of the statute, it seems impossible to raise a question, unless upon the assumption that the statute denounces betting upon an election as an entirety, that is upon the whole election or its final result, while the bet stated in the indictment is upon the vote in a single precinct, or part of the constituent body, and is thus upon a part only of the election and not upon the whole.

We suppose, however, the Legislature did not intend to make any such distinction between the whole and a part. Without saying that a bet upon the vote of a single individual in a pending election, would be, according to the common understanding, a bet on the election, we are satisfied that a bet upon the vote of a county in a general election or of a precinct in a district or county election, would, according to the common understanding and the intent of the statute, be a bet upon an election. A differ-

2. Any wager upon the result of an election, or on the vote at any particular precinct, or on the number of votes that any candidate may receive, is within the prohibition of the statute. 9 *Dana*, 31.)

ent construction would open a wide door for evasions which would defeat every object of the statute. But the question is, in effect, settled by the case of the *Commonwealth vs. Pash,* 9 *Dana,* 31, which arose under the 5th section of the act of 1828. (*Stat. Laws,* 602.) That section denounces a bet not merely *on an election* under the laws, but on the *event of the election* of any of the officers aforesaid. The decision was that the statute was not confined to betting upon the election of one candidate over all competitors, but that it applied to that case in which there being three candidates, the bet was that one of them, designated by name, would beat another, designated in the same manner. Upon the authority and reasoning of the case referred to, and on our own construction of the language and intent of the statute now before us, we conclude that the bet described in the indictment is clearly within the statute of 1854, and subject to its penalty. And as the offense is complete when the bet is in fact and completely made, whether it be actually paid or not, we are of opinion that the indictment is sufficient in averring that the defendant did bet, &c., there being certainly no presumption that the bet was revoked.

Wherefore, the judgment is reversed and the cause remanded, with directions to overrule the demurrer, and for further proceedings.