CASE 118—PROSECUTION FOR BETTING ON AN ELECTION—MAY 24.

# Brand v. Commonwealth.

APPEAL FROM GRAVES CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS.     AFFIRMED.

BETTING ON ELECTION—PAROL EVIDENCE TO ESTABLISH CANDIDACY FOR
OFFICE—PLACE OF COMMISSION OF OFFENSE.

Held:  1. Betting on the vote of a particular county in an election,
is a betting on the election in violation of the statute.

2  Under an indictment charging that defendant bet with another
that B would not, at a certain election, receive 500 votes for Gov-
ernor in a particular county, parol evidence of B's candidacy for
Governor was admissible.

3. Where a bet was in fact made in Kentucky, the parties violated
the Kentucky Statute, though the stakeholder did business in
Tennessee, and received the money there.

J. P. EVERS, ATTORNEY FOR APPELLANT.

1. The bet charged was only as to the number of votes that one can-
didate would receive in one county of the State, and is not such
"a betting on an election" as is contemplated by section 1975,
Ky. Stats., Com. v. Branham, 3 Bush, 1; Cheek v. Com., 100 Ky.
Rep., 1.

2. A contract was drawn by which appellant was to bet the witness,
Matthews, at a future time, to-wit, at Fulton, Tenn., that B
would not get 250 votes in Graves county, and it was also agreed
that one Cavender, a saloonkeeper at Fulton, Tenn., should be
stakeholder, and the money was sent to him as such stakeholder.
No money was staked in Kentucky.  Ky. Law Rep., 136; Mort-
mer v. Com.; Robertson's Ky. Crim. Law and Procedure, sec.
401; 2 Bishop's Crim. Procedure, 3d Ed., sec. 475.

3. Parol evidence was not admissible to prove that B was a candidate
for Governor.  Borne v. Dyke, 3 Mon., 531; Hancock v. Byrns,
5 Dana, 514; Jarboe v. McAtee, 7 B. Mon., 279.  See, also, 13
Ky. Law Rep., 136.  There is no bet until the money is put up.

H. J. MOORMAN, COMMONWEALTH'S ATTORNEY, FIRST DISTRICT, AND
ROBERT J. BRECKINRIDGE, ATTORNEY GENERAL, FOR COMMON-
WEALTH.

1. The defendant's demurrer to the indictment was overruled and I
fail to find any defect in the indictment; and, tried by the case

of Manford v. Commonwealth, 13 Rep., 136, there can be no defect.

2. The bet that B would not get 500 votes in Graves county was a bet on the election as clearly settled in Commonwealth v. Kennedy, 15 B. Mon., 530.   Also see Com. v. Hueser, 8 Rep., 61.

3. The candidacy of B for Governor, was proven by parol evidence, which was clearly competent as it was a matter of common knowledge.

4. The fact that the bet was made in Kentucky, and the money put in the hands of others to be sent to a stakeholder in Tennessee, will not void the statute.   Ky. Statutes, sec. 1925; Crim. Code, sec. 124; 13 Ky. Law Rep., 136; 15 B. Monroe, 531; 8 Ky. Law Rep., 61.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

The indictment in this prosecution charges the appellant with the offense of betting on an election, committed in manner and form as follews, to wit:   "The said Art Brand, in said county of Graves, on the 6th of November, 1899, and before the finding of this indictment, did wager and bet two hundred and fifty dollars, good and lawful money of the United States, and of the value of two hundred and fifty dollars, upon an election held on the 7th. day of November, 1899, under the Constitution and laws of this Commonwealth.   Said wager and bet was as follows, to wit:   The said Art Brand bet with S. J. Matthews, and the said Matthews bet with said Brand, the sum of two hundred and fifty dollars each.   The said Brand bet two hundred and fifty dollars that John Young Brown, who was then a candidate to be voted for at said election for governor of this Commonwealth, would not get and receive five hundred votes in Graves county, and said Matthews bet that the said John Young Brown would get and receive five hundred votes in Graves county, at which election William Goebel and William S. Taylor were also candidates for said office of governor aforesaid;.

and said 7th day of November, 1899, was the day for holding the general election, as provided by the Constitution and laws of this Commonwealth, to elect a citizen to fill the office of governor of this Commonwealth. And said general election was so held on the 7th day of November, 1899, for said office as provided for aforesaid, and on said election as aforesaid money of value as aforesaid was wagered, bet and lost," etc. To this indictment defendant demurred, and entered a plea of not guilty. The demurrer was overruled, and the trial resulted in a verdict of guilty; and, defendant's motion in arrest of judgment having been overruled, the court adjudged that the Commonwealth should recover of the defendant, Brand, the sum of $100 fine, and costs expended. Defendant's motion for a new trial having been overruled, he prosecutes this appeal. The grounds relied upon are, in substance: First, that the court misinstructed the jury as to the law of the case, failed to give the jury the whole law, and failed and refused to give to the jury the instructions of the law as offered by appellant; second, that inadmissible testimony was allowed to go to the jury which was incompetent; and third, that the verdict is against the law and the evidence.

One of the contentions of the appellant is that the indictment does not charge betting on the election, for the reason that it was not on the result generally, but only as to the vote of a particular county. This question seems to have been settled by this court in 54 Ky., 531, in the case of Com. v. Kennedy, who was indicted under substantially the same statute: and in that case the bet was upon the result of the election in a particular precinct, and the court expressly held that that was "betting" on the election, within the meaning of the statute.

The further contention of appellant that nothing but

record evidence could be admitted to show that the Honorable John Young Brown was a candidate for governor at the time of the alleged bet is untenable.    The fact of a man's candidacy may be established by parol proof as well as by record evidence,

It is very earnestly insisted for appellant that the bet was not made in the State of Kentucky, or Graves county.    The evidence conduces to show that the bet was in fact made in Graves county, and that Brand placed his money in the hands of Ben Hunt and Matthews placed his in the hands of Frank Gillam and they put the money in the hands of one McGuire to send to Jim. Si. Cavender to hold.   Cavender, it seems did business in Tennessee, and lived in Graves county, Ky. The evidence also tends to show that this arrangement was made for the express purpose of avoiding the Kentucky statute in regard to betting.

Complaint is also made of the instructions given by the court, as well as of the refusal of the court to give instructions offered by appellant.    Instruction No. 1 given by the court, was, in substance, that if the jury should believe, beyond a reasonable doubt, that there was an election held in Graves county on the 7th of November, and that John Young Brown was a candidate for said office of governor, and that the defendant, in the county of Graves, within five years next before the finding of the indictment, made a wager with J. S. Matthews by whch the defendant bet said Matthews $250 that the said John Young Brown would not get or receive 500 votes in Graves county at said election, and by which the said Matthews bet defendant said sum of money that said Brown would get said number of votes in said county at said election, they should find the defendant guilty.    Several in-

structions were offered by the defendant, which, as we think, were properly refused.    It seems to us that no error occurred upon the trial prejudicial to the substantial rights of the defendant, and the judgment is therefore affirmed.