18    KENTUCKY REPORTS.    [Vol. 83.

Parrish, &c., v. Ferguson, &c.    Apperson, &c., v. Mitchell, &c.

Case 4—MOTION—November 20, 1884.

## Parrish, &c., v. Ferguson, &c.
## Apperson, &c., v. Mitchell, &c.
## Berry's Adm'r v. Harris, &c.

1. APPEALS—TAXATION OF COST.—Where the clerk of the Court of Appeals has allowed a party, or his counsel, to use the original transcript in a case under an agreement to pay therefor, as if a copy had been actually made, and the party thus using the record is successful, he is entitled to have the cost of a copy taxed as a part of his cost against the unsuccessful party.

2. REPEAL OF STATUTES.—Where the General Statutes treat of any subject under a separate title, they must be regarded as containing all the statute law on the subject, and as repealing any previous statutory provision upon the subject omitted therefrom.

VOL. 83.]    SEPTEMBER TERM, 1884.    19

Parrish, &c., v. Ferguson, &c.    Apperson, &c., v. Mitchell, &c.

McCHORD & HARRISON FOR PLAINTIFFS IN MOTION.

1. The right to charge fees for official services is to be determined by our statutes alone, and there is no statute in this State authorizing a clerk to charge for a copy never in fact made. (General Statutes, chapter 41, section 1; *Ibid.*, chapter 26, section 32.)

2. A promise to pay an officer an extra sum for the performance of official duty is illegal and void.

CORNELISON AND MITCHELL ON SAME SIDE.

An execution may be quashed upon motion, for an error of the clerk in taxing too much cost. (Noe and Lawless v. Conyers, 6 J. J. Mar., 514; McCann v. Gouge, 9 B. M., 56; Davie v. Long's Adm'r, 4 Bush, 575.)

W. H. JULIAN, OF COUNSEL, ON SAME SIDE.

W. LINDSAY FOR DEFENDANTS IN MOTION.

If an execution follows the judgment and taxation of costs, it can not be quashed. The remedy is, first to correct the misprision of the clerk, by rule or motion, for the revision and correction of the taxation; that being done, the court may recall the execution issued upon the erroneous taxation and direct a new execution to be issued upon the corrected taxation. (Walton v. Brashears, 4 Bibb, 18.)

A. DUVALL, H. L. STONE, OF COUNSEL, ON SAME SIDE.

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

This is a motion to quash an execution in favor of the clerk, issued from the clerk's office of this court, upon the ground that it embraces a charge for copying a record which was not in fact copied. It appears that counsel for the party who was successful in this court obtained permission from the clerk to use the original record, instead of having a copy, upon the agreement that his client should be charged with a copy, as if in fact made. The charge was so made against the party obtaining the record, and on final judgment his cost in this court, including a copy of the record, was taxed against the unsuccessful party.

Prior to 1856 it was the well settled practice in this court to allow such charges, although the letter of the law authorized a charge for a copy only. On the 3d of March, 1856, the Legislature passed an act forbidding a charge for copy of a record unless actually made, and prescribing a penalty against the clerk for permitting a record to go out of his office, except in cases provided by law. (1 Stanton's Revised Statutes, volume 1, page 535.) The General Statutes, adopted December, 1873, omitted both provisions of the act of 1856, and provided, under the general head of clerks' fees (chapter 41, pages 459–60), for the fees of the clerk of this court. The omission to embrace the provisions of the act of 1856 in the General Statutes, under the authority of Broadus v. Broadus, 10 Bush, 299, repealed the act of 1856, requiring a copy of a record to be in fact made, and forbidding the clerk to allow a record to go out of his office except in cases provided by law. That the intention to repeal this law existed in the adoption of the General Statutes is strengthened by the provision therein, that "no clerk of an *inferior* court shall permit the records or papers of his office to be removed, or taken out of the county in which his office is kept, except in cases of invasion or insurrection or in obedience to a summons." (General Statutes, article 1, section 6, chapter 16.) This provision is not found in the Revised Statutes, and its enactment in the General Statutes, together with the omission to re-enact or continue in force the act of 1856, makes it clear that the intention was not only to repeal the act of 1856, but to recognize the former well-known custom or

practice in this court of charging a party using a record for a copy as if in fact made.

Since the adoption of the General Statutes, the practice existing prior to the act of 1856, of allowing the clerk to charge the party using a record with a copy as if actually made, has been resumed and uniformly followed. It has, in fact, been repeatedly and expressedly recognized by this court in overruling motions to quash executions for such costs recovered by the successful against the unsuccessful party. Under these rulings the litigants in this court and the clerks have acted, until such rulings have acquired the sanctity of judicial findings to such an extent that we do not feel justified in overturning them. The unsuccessful party has no cause of complaint. The party using the record is charged as if a copy had been made for him; the charge is not made against the party complaining, and he is in no worse attitude than he would have been if the copy had been actually made. (General Statutes, section 32, chapter 26; chapter 41, page 460.)

Motion overruled.

JUDGE HOLT not sitting.