CASE 64—ACTION TO ENJOIN THE COLLECTION OF A FEE BILL—JAN. 29.

## Shackelford, Clerk, v. Phillips.

112    563
e136    497

### APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    REVERSED.

FEES—COLLECTION OF ILLEGAL FEE BILL—INJUNCTION—APPELLATE JURISDICTION—CHARGED BY CLERK OF COURT OF APPEALS FOR LOAN OF TRANSCRIPT AS FOR COPY.

Held:    1. While the circuit court has no jurisdiction to enjoin the collection of an execution for costs issued upon a judgment of the court of appeals, it has jurisdiction to enjoin the collection of a fee bill issued by the clerk of the court of appeals on the ground that it contains an item for which the services have not been rendered; and this is true notwithstanding Kentucky Statutes, sections 1758, 1759, provide a summary remedy by application to the circuit judge, without pleadings, for the correction of an illegal fee bill of any officer, and for an order to stay proceedings on such fee bill, as that remedy was not intended to be exclusive.

2. As a judgment restraining the collection of a fee bill is not a judgment for the recovery of money or property, an appeal lies therefrom though the value in controversy be less than $200.

3. The clerk of the court of appeals may charge for a copy of the transcript, though no copy was in fact made, if there was instead a loan of the original transcript.

THOMPSON & SPAULDING, FOR APPELLANT.

T. L. Edelen, attorney for Mrs. Eusebia Phillips in the court of appeals, in the action of said Mrs. Phillip's appellant v. R. A. Burton, appellee, took the record of that case from the office of the clerk to his office in Frankfort, Ky., to use and did use it in briefing the case for that court, under an implied contract that a copy of the record be paid for. Mr. Edelen acting for Mrs. Phillips, took the record, knowing the rules of that office with reference to charging for such record when used, instead of a copy, expecting and understanding at the time that his client would pay for same, and the clerk, at the same time, charging for the records as if a copy was furnished.

Appellant sent the fee bill for same, to the sheriff of Marion county for collection; payment was refused; whereupon, appellees horse and buggy were levied upon to satisfy said fee bill, and at once appellee instituted this suit in the Marion circuit court, enjoining the sheriff from selling said property, claiming that appellee never procured a copy of the record and never agreed or promised to pay therefor.

Appellant demurred to the jurisdiction of the court which was overruled. Appellant then filed answer setting up the facts above stated, and upon this issue proof was taken.

Mr. Edelen in his deposition, says: "He understood when he took the record and now understands that it was an implied contract to pay for a copy and he expected his client to pay for a copy."

The lower court sustained the injunction but awarded no damages.

We claim that the demurrer to the petition should have been sustained, for the reason that this was in the nature of a suit or motion for the correction of the taxation of costs incurred in the court of appeals, which is only subject to revision and correction by that court, and that in such cases the respective courts of the Commonwealth have this exclusive jurisdiction.

The clerk certainly had the right to refuse to allow the record to go out of his office, and to furnish and charge for a copy, but Mrs. Phillips' attorney chose to take the record instead of a copy, possibly preferred the original papers, or possibly did not

have time to wait for a copy.    The clerk was responsible for the record during its absence, and upon the law and merits of the case is entitled to his pay.

## CITATION OF AUTHORITIES.

On jurisdiction, and to receive pay for furnisning original instead of copy.  Sec. 806, Kentucky Statutes; Henry v. Vinson, 13 'R., 400; Bridges v. Welch, 5 R., 685; Parish v. Furguson, 85 Ky., 18.  As to implied contract.  Kentucky Statutes, sec. 2178; Miller v. Swan & Brown, 91 Ky., 41.

JOHN M'CHORD AND S. A. RUSSELL, FOR APPELLEE.

This action is authorized by section 1757 Kentucky Statutes, which provides, that "an officer who issues a fee bill shall be liable to an action at the suit of any person for a distress made on his property by virtue of such fee bill, if it contains any illegel or improper item or an item for which the services have not been rendered."

In this case we insist that no services were rendered by the appellant.

There is reason for this statute.    In issuing his fee bill, the officer acts as judge in deciding upon the legality of his fee bill.    It has the force of an execution.    No one but an officer can collect his debts in that manner.    Hence the statute requires the officer to exercise accuracy in the use of this extraordinary proceeding.

It was argued in the lower court with great apparent earnestness, that the only remedy open to appellee was by motion before this court to correct the fee bill.

'To sustain this position the statute above, must be disregarded, and substitute such an act as meets the desire of appellant.

The original record was sent to Mr. Edelen from which to prepare his brief.    He filed it with the clerk before he prepared his brief.    He says in his deposition:  *I believe it is true that I went to the office of the clerk of the court of appeals, took the transcript therefrom to my office and that nothing was said by me at the time, about paying for a copy.*

It is true that Mr. Edelen says he knew it was the custom to charge for a copy when the original was taken out, but as a lawyer, he knew that the court had decided that this charge could only be made when an agreement should be made by the litigant or his attorney procuring the record, to pay the cost of a copy.

In the face of the statute declaring that no charge can be made

Shackelford Clerk v. Phillips.

by an officer for services not actually performed, we apprehend that this court will be slow to decide that there was an implied contract to pay when the attorney took the transcript from the Clerk's office.

## AUTHORITIES CITED.

Section 1757 Kentucky Statutes, and sec. 1749 subsec. 1; Henry v. Vinson, 13 Ky. Law Rep., 400.

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

In April, 1900, appellant, as clerk of the court of appeals, issued a fee bill against appellee, Phillips, for fees claimed to be due appellant amounting to $114.05, on the appeal of Eusebia Q. Phillips against R. A. Burton, reported in 21 R., 720 (52 S. W., 1064). Before the fee bill was placed in the hands of the sheriff appellee paid the clerk all of the bill except the item of $105.30 charged for copy of transcript, conceded not to have been made by the clerk; the actual service being a loan of the original transcript to counsel for appellee, who was appellant in that case. The sheriff of Marion county, under the direction of the clerk, levied the fee bill upon Mrs. Phillips' horse and buggy, whereupon she and her husband brought suit in the Marion circuit court to enjoin Shackelford and the sheriff from proceeding to a sale under the levy. A recovery for damages was also sought. Upon final hearing, the trial court perpetuated the temporary injunction which had been granted.

The first question is as to the jurisdiction of the Marion circuit court, it being argued that a motion to dismiss for want of jurisdiction should have been sustained, and that the only remedy was by motion before this court to correct the fee bill. If this were an execution for costs, a suit to restrain a levy and sale under it would be prohibited by writ from this court, as held in Shackelford v. Patterson (24 R., 316) 62 S. W., 1040. But the fee bill in this case

has none of the elements of a proceeding under a judgment. The officer issuing such a fee bill has by statute the right to the extraordinary remedy of distress to enforce its collection, but in granting this remedy the Legislature has held the officer to extraordinary accuracy, and in section 1754, *et seq.*, Kentucky Statutes, has provided that a single illegal charge shall render the whole bill void, has imposed a penalty for an. illegal or double charge,. has made such charge a high misdemeanor, and in section 1757 has provided for an action for damages for a distress made by virtue of a fee bill "if it contains any illegal or improper item, or an item for which the services have not been rendered," etc.   In sections 1758 and 1759 a summary remedy is provided by application to the circuit judge, without pleadings, for the correction of illegal fee bills of any officer, and for an order to stay proceedings on such fee bill upon the presentation to the judge of a copy of the fee bill containing the illegal charge.   We do not think that the grant of power to the circuit judge by such summary proceedings to stay proceedings under the distress until the matter is determined in court can be held to deprive the court of power upon a regular suit in equity to enjoin the collection of such a fee bill, to grant relief by injunction.

The next question is as to the jurisdiction of this court on appeal, it being claimed by appellee that as the judgment restrained the collection of a fee bill less in amount than $200 this court has no jurisdiction. Upon this question it seems to us we have only to determine whether a judgment enjoining the collection of a fee bill is a judgment for the recovery of money or property. If not, the court has jurisdiction; for, under the statute, it had appellate jurisdiction over the final orders and judgments of all

courts in all other civil cases except "appeals from a judg-ment for the recovery of money or personal property, if the value in controversy be less than $200," etc.  Kentucky Statutes, section 950.  In *Ex parte* Herrick, 78 Ky., 24, it was held that an order allowing and certifying a witness' claim to the auditor for payment was not a judgment for, money or personal property, within the meaning of the statute, and therefore that an appeal lay from such an order.  We are clearly of opinion that a judgment enjoin-ing a sale under distress by virtue of a fee bill is not a judgment for the recovery of money or personal property, within the meaning of the statute.

There remains for consideration the question whether the charge in this case was an illegal one.  It is urged on behalf of appellee that it is clearly forbidden by the stat-ute, as being "an item for which the services have not been rendered," and that the service which was actually ren-dered, and compensation for which is sought under a charge for copy of transcript, viz., the loan of the original transcript from the office, was in violation of the clerk's oath of office.  The majority of the court, however, are of the opinion that, whatever might have been their view up-on this question as an original proposition, the opinion of Judge Hines in Parrish v. Ferguson, 83 Ky., 18 (6 R., 316), and the opinion of Judge Paynter in Minor v. Christie (23 R., 1569, 65 S. W., 826) are conclusive in favor of the clerk's right to make such charge for the loan of the original trans-script.  The writer does not concur in this conclusion.

For the reasons given, the judgment is reversed and the cause remanded, with directions to dismiss the petition.

Response by Judge DuRelle to petition by appellee for rehearing:

Assuming that a litigant, in person or by counsel, may

make a binding contract with the clerk to pay the fees allowed by law for a copy of the record as compensation for the loan of the record, it follows necessarily that such contract may be implied from the conduct of the parties, and is to be implied when counsel familiar with the custom obtains from the clerk the loan of the record.

The petition is overruled.