CASE 60.—ACTION BY TOM B. SPALDING, CLERK, AGAINST WATHEN, MUELLER & CO.—February 4, 1910.

## Spalding v. Wathen, Mueller & Co.

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Dismissed.

Appeal and Error—Decisions Reviewable—Amount in Controversy.—Under Ky. St. sec. 950, providing that no appeal can be taken to the Court of Appeals from a judgment for the recovery of money in amount less than $200, no appeal lies from a dismissal on plaintiff's failure to plead further after demurrer sustained to his petition in an action to recover clerk's fees amounting to $55.30.

JOHN McCHORD and W. W. SPAULDING for appellant.

SAMUEL AVRITT, LAFE S. PRICE and S. A. RUSSELL for appellee.

OPINION OF THE COURT BY JUDGE HOBSON.

Tom B. Spalding is the clerk of the Marion circuit court. There were a number of indictments pending in that court against Wathen, Mueller & Co., in which Spalding's fees against them amounted to $55.30. He brought this suit on October 12, 1909, against them to recover this amount, charging that the services were rendered to the defendants more than 60 days before the filing of the petition and since January 1, 1909. The defendants filed a general demurrer to the petition. The circuit court sustained the de-

murrer. The plaintiff failing to plead further, the action was dismissed, and the plaintiff has appealed to this court. The defendants have entered a motion to dismiss the appeal for want of jurisdiction; and this is the first question to be determined on the appeal.

Section 950, Ky. St., among other things provides: "No appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than two hundred dollars, exclusive of interest and cost." After specifying other cases not here material, in which no appeal may be taken, the section concludes with these words: "In all other civil cases, the court of appeals shall have appellate jurisdiction over the final orders and judgments of all courts." This is an action to recover $55.30. The judgment dismissing the petition is simply a judgment refusing a recovery of $55.30. The value in controversy is $55.30. Nothing else is involved. The case, therefore, falls literally within the provision of the statute above quoted. The cases relied on by appellant in which this court took jurisdiction were all appeals from judgments which were not for the recovery of money or personal property. Thus in ex parte Herrick, 78 Ky. 23, the appeal was taken from an order refusing to issue to a witness a certificate of his attendance. The thing there in controversy was the right of the witness to a certain paper. By the statute this court has jurisdiction in all cases subject to the exceptions it contains. One of the exceptions is that no appeal shall be taken from a judgment for the recovery of money or personal property if the value in controversy be less than $200, exclusive of interest and cost. To bring a case within the excep-

tion, the appeal must be taken from a judgment for the recovery of money or personal property, and the value in controversy must be less than $200. In the Herrick Case the value in controversy was less than $200; but the appeal was not taken from a judgment for the recovery of money or personal property. In Shackleford v. Phillips, 112 Ky. 563, 66 S. W., 419, 68 S. W. 441, the appeal was taken from a judgment sustaining an injunction enjoining the collection of a fee bill. The value in controversy was less than $200, but the judgment was not for the recovery of money or personal property. It was simply a judgment granting an injunction. In Willis v. Thornton, 78 S. W. 215, plaintiff obtained an injunction on the ground that she did not live within the taxing district, and was therefore not liable to be taxed in it. The judgment was not for the recovery of money, but to enjoin the collection of a tax. The thing in controversy there was not the amount of the tax, but the liability of plaintiff's property to be taxed in the district. It is insisted for appellant that the thing in controversy here between the parties is the legality of the fee bills, and that this would appear if an answer was filed. Still, if an answer had been filed, and the court had sustained the fee bills, he would only have entered a judgment for the recovery of $55.30; and, if he had held the answer good, he would simply have denied a recovery for $55.30. Nothing but this sum of money is involved in the action. The fact that the value in controversy is less than $200 will not deprive this court of jurisdiction, unless the judgment is for the recovery of money or personal property;

but here the value in controversy is less than $200, and the judgment is for the recovery of money. The motion to dismiss the appeal must therefore be sustained.

Appeal dismissed.