CASE 18.—ACTION BY THE AMERICAN CAR & FOUNDRY COMPANY AGAINST A. L. JAMES AND OTHERS. —Junt 17, 1910.

## American Car & Foundry Co. v. James, &c.

Appeal from Boyd Circuit Court.

W. C. HALBERT, Circuit Judge.

Judgment for defendants, plaintiff appeals. On motion to dismiss.—Granted.

1.   Courts—Court of Appeals—Jurisdiction— Franchise. —Under Ky. St. section 950, providing that no appeal shall be taken to the Court of Appeals from a judgment for recovery of money or personal property if the value in controversy be less than $200, exclusive of interest and costs, no appeal could be taken to the Court of Appeals from a judgment for defendant in an action to recover less than $100 boom fees for catching defendant's timber, though the action incidentally involved plaintiff's alleged franchise to maintain and operate the boom.

2.   Judgment—Res Judicata.—An unappealable judgment of a trial court in an action to recover boom fees that plaintiff had no franchise to operate the boom, nor authority to charge fees for catching timber floating down the stream, did not deprive plaintiff of its franchise if it had one in fact, nor was the judgment binding except on the parties and with reference to the subject-matter of the particular suit.

C. B. WHEELER for appellant.

L. T. EVERETT and DINKLE & PRICHARD for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Dismissing appeal.

The motion to dismiss the appeal heretofore entered, and passed to be considered when the case came up on its merits, will now be disposed of.

These consolidated actions were originally brought by the appellant in the police court against the appellees, James and Kline, to recover three separate amounts, aggregating less than $100. The police court dismissed the suits, and the appellant prosecuted an appeal to the quarterly court, where the same judgment was rendered; and thence to the circuit court. This appeal is from the judgment of the circuit court denying the appellant's right to recover.

The actions are for the recovery of money alone, and, as section 950 of the Kentucky Statutes provides that "no appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property if the value in controversy be less than two hundred dollars, exclusive of interest and cost," the appeal must be dismissed, unless the fact that because the validity of what is called a franchise is incidentally involved confers jurisdiction.

It appears from the record that the appellant obtained, or attempted to obtain, from the Johnson county fiscal court the right to establish a boom in John's creek, and to charge for catching timber in its boom fees specified in the order of court. Under authority of this order of court, as well as by virtue of an act of the Legislature approved February 27, 1882 (Laws 1882, c. —), the appellant established its boom, and sought in these actions to recover from the appellees the fees allowed to be charged by it for

catching timber owned by the appellees. The circuit court in a written opinion held that the appellant had no authority either under the act of the Legislature or the order of the fiscal court to charge "boomage" fees, and upon this ground dismissed the actions. As we have reached the conclusion that the appeal must be dismissed for want of jurisdiction, it is not necessary to, and we do not, express any opinion upon the question whether or not the appellant company has a franchise or the right to charge "boomage" fees. The fact that the validity of an act of the Legislature, as well as the validity of an order of the fiscal court, which it is claimed granted a franchise, are involved, does not confer jurisdiction of this appeal. In C., N. O. & T. P. Ry. Co. v. Lawrence, 102 S. W. 298, 31 Ky. Law Rep. 429, we said: "The fact that the court is asked to construe a statute or to reconcile statutory provisions claimed to be conflicting, or to determine the validity of a statute, does not confer jurisdiction in cases involving simply the recovery of money or personal property where the amount in controversy is less than $200 exclusive of interest and costs. The jurisdiction of this court is altogether a creation of the statute. And, whilst it would perhaps be well for the Legislature to authorize appeals to this court without reference to the amount in controversy where the validity or construction of a statute was directly drawn in question, this is a matter that addresses itself entirely to the consideration of the legislative department of the state." To the same effect is Krish Co. v. Rigsby, 121 S. W. 479; Spalding v. Wathen, Mueller & Co., 136 Ky. 495, 124 S. W. 791; Town of Beaver Dam v. Stevens, 118 S. W. 320; C. & O. Ry. Co. v. Commonwealth, 116 S. W. 323.

Under the Revised Statutes this court had juris-
diction "where the order, judgment or decree relates
to an office, franchise or freehold." But these words
were left out of the General Statute adopted in 1873,
which was substantially the same as the present
statute, except as to the amount in controversy. Un-
der the present statute, it has been uniformly held
that unless the title to or a lien upon land was in-
volved, or jurisdiction was conferred by a special
statute, there could be no appeal to this court, in an
action for the recovery of money or property alone,
if the amount in controversy exclusive of interest and
cost was less than $200. Jurisdiction of cases in
which it is sought to enforce a lien upon land is not
conferred by the statute, although jurisdiction where
the title to land is involved is, but, as said in Smith
v. Catlin, 63 S. W. 473, 23 Ky. Law Rep. 381: "This
court has been uniformly holding for a number of
years that, where a lien is asserted upon land, the
title is brought in controversy, and the court has jur-
isdiction regardless of the amount of the claim as-
serted or adjudged. Whether the court was in error
in so holding it is too late now to consider."

If we should hold that we had jurisdiction in cases
involving alone the recovery of money where the
amount in controversy was less than $200 merely be-
cause the validity of the franchise was incidentally
drawn in question, there is no reason why the juris-
diction should not be further extended to include
cases in which other kinds of personal property were
involved, as, for instance, where it was sought to en-
force an attachment lien for $100 upon a horse worth
$500, or a mortgage lien for $150 upon a stock of
goods worth $300. In many actions for the recovery
of money it may happen that there will be affected

personal property of the value of more than $200,
but this condition will not confer jurisdiction upon
this court.  If it did, the docket would be incumbered
with many cases for the recovery of money or prop-
erty in which the amount in controversy would be
less than that fixed by the statute.  If the Legislature
had intended to confer jurisdiction upon this court
in cases for the recovery of money, in which the val-
idity of a franchise or an ordinance or act of the Leg-
islature or a provision of the Constitution was in-
volved, it would have so declared.  Of course, a case
might be brought here in which the only question
would be the validity of a franchise.  Such a case
would not be a suit to recover either money or prop-
erty, and so we would have jurisdiction.  Ex parte
Herrick, 78 Ky. 23; Shackelford v. Phillips, 112 Ky.
563, 66 S. W. 419, 68 S. W. 441, 24 Ky. Law Rep. 154;
Cincinnati Packet Co. v. Malone, 92 S. W. 306, 29 Ky.
Law Rep. 44.  The same rule would obtain in an ac-
tion involving the right to an office or in any other
case that was not distinctly an action to recover
money or personal property or where the recovery
of the money was a mere incident and not the chief
thing involved, as in Johnson v. Commonwealth, 90
Ky. 53, 13 S. W. 520, 12 Ky. Law Rep. 20, where the
court said, in taking jurisdiction of an appeal on be-
half of the defendant who was fined $10 and deprived
of the right to vote or hold office, ''the deprivation of
such a right will be treated in this court as a direct
proceeding to deprive the offender of the rights of a
citizen.''  But it would be going a far way after jur-
isdiction to say in this case that, because there is in-
volved in a collateral way property worth more
than $200, therefore we will look back of the
case before us and take jurisdiction.  Skipswith v.

Young, 5 Munf. (Va.) 276; Hutchinson v. Kellan, 3 Munf. (Va.) 202.

The fact that the appellant was defeated on account of the ruling of the lower court that it had no franchise does not by any means deprive it of its franchise, if it has one. The judgment of the circuit court in the case appealed from is only the law as to the case in which it was rendered and between the parties to that litigation. It would not be binding in the future on that court, or on other courts in an action between the appellant and appellees or other parties. It may be that the circuit court which rendered the decision and other inferior courts in that jurisdiction will follow the ruling of the circuit court in this case in other suits that may be brought against other parties, and thereby deprive the appellant company of the right, if it has the right, to collect "boomage" fees in cases in which the judgment of the circuit court would be final, but, if so, it will be as a matter of courtesy, and not because the judgment in this case is res judicata. But, if this should happen, it cannot be allowed to confer jurisdiction upon this court. We said in Town of Beaver Dam v. Stevens, 118 S. W. 320, in which it was argued that we should take jurisdiction although the amount in controversy was less than $200, because the circuit court in other similar cases between the same parties would render a judgment like the one assailed: "We are unable to perceive how this circumstance can be considered to give this court jurisdiction of the pending appeal. The amount sought to be recovered, and for which the judgment was rendered, is the amount that determines the jurisdiction of this court. What the result of future trials may be, or what effect the decision of the lower court in this case may have on

other cases, cannot in our opinion invest us with jurisdiction of an appeal in which the amount in controversy is less than the sum necessary to give this court jurisdiction."

The motion to dismiss the appeal must be sustained. HOBSON, J., dissenting.