## McCoy v. Field Grocery Co.

(Decided March 16, 1911.)

### Appeal from Pike Circuit Court.

The Civil Code requires only a statement of the facts constituting the cause of action. What the law implies need not be averred. If appellee sold and delivered goods to appellant at his request as charged in the petition the law implied that appellant promised to pay for them.

WILLIS STATON and J. M. ROBERSON for appellant.

J. S. CLINE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee, a corporation, sued appellant for $232.10, balance on an account, and charged that this amount was due it for goods and merchandise furnished appellant at his request during the year 1905. The petition purported to file an account therewith as an exhibit showing the character of the goods and merchandise so furnished appellant, the price charged therefor and the credits; and alleged that the prices charged were reasonable. For some reason not shown, the account was not filed. This action was brought September 16, 1909, and the summons was served the 20th of that month, but no

steps were taken in the case until the 6th day of October thereafter, when a judgment was rendered against appellant by default. Eight days thereafter appellant moved to set the judgment aside and grant him a new trial; first, because the petition was not verified; second, because the attorney employed by appellant to represent him was sick and unable at the time to appear in court to file an answer and make defense for him. Appellant filed an affidavit setting out the above reasons, but did not attempt to show any defense to the action or give any reason why he did not, on the first rule day after the petition was filed, enter a motion to have appellee verify its petition and file the account. He only claimed that his attorney was sick on the day the judgment was rendered, and gives no reason why he, himself, was not present on the day the case was called for trial. The case of Prater v. Campbell, 110 Ky., 23, settles this question against appellant. In that case the court said:

"But, before a new trial can be granted, not only must the grounds relied on therefor be established, but a valid defense to the original action must be pleaded and proved. Section 521, Civil Code of Practice."

It was alleged in the petition that the goods were sold and delivered to appellant at his request, and the law presumed that he would pay therefor, therefore, it was unnecessary to allege that he promised to pay.

This case is unlike the case of Drake's Admr. v. Semonin & Dixon, 82 Ky., 291, as appellee in the case at bar alleged that the goods were sold and delivered to appellant at his request and no such allegations were made in that case. The court said in that case:

"This is not an action for goods sold and delivered by the plaintiffs to the defendants, for if such an allegation had been made in the petition, the law, from the sale and delivery of the goods to the defendant, would imply a promise to pay."

The Civil Code requires only a statement of the facts constituting the cause of action. What the law implies need not be averred. If appellee sold and delivered the goods to appellant at his request, as charged in the petition, the law implied that appellant promised to pay for them.

For these reasons, the judgment of the lower court is affirmed.