## Rowe v. Commonwealth.

(Decided April 23, 1913.)

### Appeal from McLean Circuit Court.

Appeal—Right to Not Affected by Validity of Statute.—The defendant's right to appeal from a judgment of the circuit court imposing a fine, is not affected by the question of the statute's invalidity or want of constitutional approval; it is measured solely by the size of the fine imposed by the judgment.

W. A. TAYLOR, R. W. SLACK and R. P. ROWE for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing Appeal.

Under a warrant issued from the McLean Circuit Court against the appellant under section 4354 of the Kentucky Statutes, for obstructing a passway, he was fined ten dollars.

The statute reads as follows:

"Any person who shall put any obstructions in a passway, or shall prop open, pull down, injure, or leave open a gate erected across the same, shall be liable to a fine of ten dollars, recoverable by warrant in the name of the Commonwealth, the fine to be laid out in repairing the passway or gate.''

Upon an appeal to the circuit court and a re-trial there, the original judgment was affirmed, and from that judgment the defendant prosecutes this appeal.

The Commonwealth now moves this court to dismiss the appeal, for want of jurisdiction. The jurisdiction of this court in cases of this character is fixed by section 347 of the Criminal Code of Practice, which reads as follows:

"The Court of Appeals shall have appellate jurisdiction in penal actions and prosecutions for misdemeanors in the following cases only, viz: If the judgment be for a fine exceeding fifty dollars, or for imprisonment exceeding thirty days; or, if the judgment be for the defendant, in cases in which a fine exceeding fifty dollars, or confinement exceeding thirty days, might have been inflicted."

Appellant seeks to avoid the effect of this statute by replying that he owned the passway in controversy, and that section 4354 of the Kentucky Statutes, under which he was tried and fined, is in conflict with the Bill of Rights and section 242 of the Constitution of Kentucky, in that it deprived the appellant of the use of his property without due process of law. He further insists that the statute, *supra,* by its terms, applies with the same force to any kind of a passway, either public or private, and that it makes appellant liable for a fine, even though he should obstruct a private passway of his own.

Without passing upon the constitutionality of the statute upon this motion going to the jurisdiction of this court, it is sufficient to say that appellant's right of appeal is not affected by the question of the statute's invalidity or want of constitutional approval; it is, in this case, measured solely by the size of the fine imposed by the judgment.

In Bourne v. Beck, 22 Ky. L. R., 475, 63 S. W., 31, it was expressly held that the mere fact that the constitutionality of a statute was involved did not give the right to an appeal regardless of the amount in controversy.

In C., N. O. & T. P. Ry. Co. v. Lawrence, 31 Ky. L. R., 429, 102 S. W., 298, we said:

"As the amount involved is only fifty-five dollars, appellee's motion to dismiss the appeal because this court has no jurisdiction must be sustained. The fact that the court is asked to construe a statute or to reconcile statutory provisions claimed to be conflicting, or to determine the validity of a statute, does not confer jurisdic-

tion in cases involving simply the recovery of money or personal property where the amount in controversy is less than two hundred dollars exclusive of interest and costs. The jurisdiction of this court is altogether a creation of the statute. And whilst it would perhaps be well for the Legislature to authorize appeals to this court without reference to the amount in controversy where the validity or construction of a statute was directly drawn in question, this is a matter that addresses itself entirely to the consideration of the legislative department of the State. The appeal must be dismissed.''

See, also, American Car & Foundry Co. v. James, 139 Ky., 169, and Hill Top Laundry Co. v. Commonwealth, 138 Ky., 759, to the same effect.

This court being without jurisdiction of the appeal, the motion will have to be sustained.

Appeal dismissed.