## Thompson Straight Whiskey Company v. Commonwealth.

(Decided February 11, 1914.)

### Appeal from Franklin Circuit Court.

1. Appeal.—Under section 950 of the Kentucky Statutes, no appeal can be taken to the Court of Appeals from a money judgment for less than $200.00, exclusive of interest and cost.
2. Appeal—When No Provision in Statutes Forbidding.—Where no judgment for money or personal property is given or sought, and there is no provision in the statutes forbidding the appeal, it will be entertained.
3. Appeal—Jurisdiction—What Does Not Confer.—The fact that the validity of an Act of the Legislature, or the validity of an order of the fiscal court, or of a fine of less than $200.00 is imposed or involved, does not confer jurisdiction upon this court.
4. Appeal—License Tax—Amount in Controversy.—No appeal lies to this court from the judgment of a circuit court for $10.00 license tax; it is the amount in controversy, under a money recovery, and not the nature of the cause of action, that governs the right of appeal.

GIBSON & CRAWFORD for appellant.

ARTHUR E. HOPKINS and McQUOWN & BECKHAM for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing Appeal.

The Commonwealth having recovered a judgment against the Thompson Straight Whiskey Company for $10 claimed as a corporation license tax for the year 1910, with penalty, interest, and the revenue agent's commission thereon aggregating about $13, the defendant appeals.

The appellee has moved to dismiss the appeal for want of jurisdiction.

Section 950 of the Kentucky Statutes governs appeals to this court, and provides as follows:

"No appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property if the value in controversy be less than two hundred dollars, exclusive of interest and cost, nor to reverse a judgment granting a divorce or punishing for contempt, nor from any order or judgment of a county court, except in actions for the division of land and allotment of dower, nor from any order or judgment of a quarterly, city, police, fiscal or justice's court, nor from a bond having the force of a judgment. In all other civil cases the Court of Appeals shall have appellant jurisdiction over the final orders and judgments of all courts."

This is an ordinary action for the recovery of money due as a tax, and the judgment is for money only; and as the judgment is for money only, appellee insists the appeal comes squarely within the prohibition of the statute, *supra,* and must be dismissed. Appellant resists the motion and insists that as the case involves a question of taxation, it is, for that reason, appealable regardless of the amount of the judgment; and, in support of that contention, it relies upon Willis v. Thornton, 25 Ky. L. R., 1521, 78 S. W., 215.

The statute has been frequently construed.

In C., N. O. & T. P. Ry. Co. v. Lawrence, 31 Ky. L. R., 429, 102 S. W., 298, where the appeal was from a judgment for $55 damages for the failure to deliver personal property which the railroad company had received for transportation, we dismissed the appeal for want of jurisdiction, and laid down the following broad, general rule:

"As the amount involved is only fifty-five dollars, appellee's motion to dismiss the appeal because this court has no jurisdiction must be sustained  The fact that the court is asked to construe a statute or to reconcile statutory provisions claimed to be conflicting, or to determine the validity of a statute, does not confer jurisdiction in cases involving simply the recovery of money or personal property where the amount in controversy is less than two hundred dollars exclusive of interest and costs.  The jurisdiction of this court is altogether a creation of the statute.  And whilst it would perhaps be well for the legislature to authorize appeals to this court without reference to the amount in controversy where the validity or

construction of a statute was directly drawn in question, this is a matter that addresses itself entirely to the consideration of the legislative department of the State. The appeal must be dismissed."

In American Car & Foundry Co. v. James, 139 Ky., 169, we held that no appeal lies from a judgment for the defendant in an action to recover less than $100 boom fees, although the action incidentally involved the plaintiff's franchise to maintain and operate the boom, saying:

"The fact that the validity of an act of the legislature, as well as the validity of an order of the fiscal court, which it is claimed granted a franchise, are involved, does not confer jurisdiction of this appeal."

And in Rowe v. Commonwealth, 153 Ky., 338, it was held there was no appeal to this court from a judgment imposing a fine of ten dollars upon the defendant for obstructing a passway.

In Sackett v. Creech, 142 Ky., 791, Daniel B. Creech obtained a judgment against W. C. Creech for $179.20 for trespass in cutting timber upon land claimed by the plaintiff; and an execution having issued upon the judgment, W. C. Creech replevied it with E. T. Creech as his surety. Before the bond matured Sackett, claiming to own the land, sued the Creeches and asked that he be allowed to recover the $179.20 evidenced by the replevin bond. He enjoined the circuit clerk from issuing an execution on the bond, enjoined the sheriff from collecting it, and the Creeches from paying it; and the circuit court having sustained a demurrer to his petition which carried with it a dissoluton of the injunction, Sackett appealed. In dismissing the appeal, this court said:

"The first question presented is: Has this court jurisdiction of the appeal? Appellant asks to be allowed to recover the $179.20; the title to the land is not involved; the injunction asked for and the restraining order issued were only in aid of, or ancillary to, the action to recover the $179.20. Section 950 of the Statutes provides that no appeal shall be taken to the Court of Appeals from a judgment for a recovery of money or personal property if the value in controversy be less than $200, exclusive of interest and cost. The matter sought to be recovered in this action is money, the amount of which is less than $200. In cases where the only purpose sought is an injunction, this court has jurisdiction. In the case of Ex Parte Herrick, 78 Ky., 24, this court said:

" 'No judgment for money or personal property being sought, and there being no provision of the statute forbidding the appeal, it follows that it should be entertained.'

"The main purpose of obtaining the injunction in the case at bar, however, was to enable appellant to obtain the $179.20. Therefore section 950, above referred to, applies. See also the cases of Bourne, et al. v. Beck, et al., 22 Ky. Law Rep., 792, and Shackelford, Clerk v. Phillips, 24 Ky. Law Rep., 154; 112 Ky., 563."

It will be noticed that section 950 of the statutes, which authorizes appeals, is negative in its form. Primarily it does not grant appeals; on the contrary, it prohibits appeals in certain specfied cases, and allows them in all other cases. It is upon this idea that this court entertains appeals in cases where the only remedy sought or obtained is an injunction. Shackelford v. Phillips, 112 Ky., 563. The statute does not prohibit an appeal in a case of that character. It does, however, specifically say that no appeal shall be taken to this court from a judgment for money where the amount in controversy is less than $200, exclusive of interest and cost. The case at bar comes squarely within the letter of the prohibition; and, unless the fact that the money recovered represents a license tax takes the case out of the general rule, the appeal must be dismissed for want of jurisdiction.

The precise question before us was, however, raised and decided in Hill Top Laundry Co. v. Commonwealth, 138 Ky., 758, where the Laundry Company appealed from a judgment recovered by the Commonwealth for $20 license tax.

In dismissing the appeal, we said:

"This is an action for the recovery of money alone—not for the assessment of property. If appellant is liable at all, it is for the occupation, or license tax, of $10 a year for the time it plied its business in this State since that statute, and for the penalty of 20 per cent for each year because it did not pay the fee required by the statute before doing the business authorized by the license. The proceeding is under section 4263, Ky. St., and is, as said above, alone for the recovery of money. By section 950 Ky. St., the jurisdiction of this court is restricted in this class of cases (actions for the recovery of money) to those where the value in controversy is more than $200.00, exclusive of interest and cost. There is nothing in contro-

versy in this suit but $24.00, exclusive of interest and costs. The fact that the validity of a statute is incidentally raised does not affect the nature of the action. C., N. O. & T. P. R. Co. v. Lawrence, 102 S .W., 298, 31 Ky. Law Rep., 429.''

Willis v. Thornton, *supra,* relied upon by appellant, has been expressly construed by this court as not being in conflict with the general rule above laid down, as will be seen from the following excerpt taken from Spalding v. Wathen, Mueller & Co., 136 Ky., 497:

''In Willis v. Thornton, 78 S. W., 215, plaintiff obtained an injunction on the ground that she did not live within the taxing district, and was, therefore, not liable to be taxed in it. The judgment was not for the recovery of money, but to enjoin the collection of a tax. The thing in controversy there was not the amount of the tax, but the liability of plaintiff's property to be taxed in the district.''

C. & O. Ry. Co. v. Commonwealth, 116 S. W., 323; Town of Beaver Dam v. Stevens, 118 S. W., 320, and H. Krish Co. v. Rigsby, 121 S. W., 479, are to the same effect, holding it is the amount in controversy under a money recovery that governs the right of appeal.

Appeal dismissed.