### Saunders v. City of Flemingsburg, etc.

(Decided September 29, 1914.)

Appeal from Fleming Circuit Court.

Appeal—Taxation—Suit to Enjoin Collection of Tax—Jurisdiction of Court of Appeals.—In a suit to enjoin the collection of a tax on the ground that the plaintiff's property is not subject to taxa-

tion, the Court of Appeals has jurisdiction irrespective of the amount of the tax, and an appeal lies from a judgment dismissing the petition, although no injunction was granted in the circuit court.

J. P. McCARTNEY for appellant.

O. R. BRIGHT and PAUL HEFLIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Overruling motion to dismiss appeal.

The city of Flemingsburg assessed for taxation the property of U. G. Saunders for the year 1913, and was seeking to enforce the collection of the taxes when he brought this suit to enjoin it on the ground that he was not a resident of the city, but that his residence was and always had been in Poplar Plains, Fleming County. He obtained from the clerk a temporary restraining order, but on final hearing of the action the circuit court discharged the temporary restraining order and dismissed the action. He appeals.

A motion has been made to dismiss the appeal on the ground that the taxes only amount to $17.54, and that this court is without jurisdiction. But we have uniformly held that in cases of this sort, the thing in controversy is not the amount of the taxes, but the right to tax, and that this court has jurisdiction although the amount of the taxes in controversy is less than $200.00. (Willis v. Thornton, 78 S. W., 215; Spalding v. Wathen, 136 Ky., 495; Thornton v. Head, 140 Ky., 204; City of Lancaster v. Pope, 156 Ky., 2).

It is insisted that in Matthews v. Rogers, 107 Ky., 236, the court laid down the rule that this court has no authority to reinstate a temporary restraining order made by the circuit clerk, where no injunction has been granted. That case involved not the power of this court, but the power of one judge of this court in vacation to reinstate an injunction before judgment in the action. This court may direct a permanent injunction to be granted by the final judgment in the action and has often done so. No question of an injunction before judgment is presented by the record.

The effect of the suit in the police court can not be considered on the motion to dismiss the appeal. The objection that a suit was pending in the police court when

this suit was instituted, and that the claim now presented might be made in that court, are matters going to the right to maintain the action, which must be determined when the case is heard on the merits.

The motion to dismiss the appeal is overruled.