## Commonwealth v. Cannut, et al.

## Weaver v. Commonwealth, et al.

### (Decided May 2, 1919.)

### Appeals from Whitley Circuit Court.

Appeal and Error—Requisite Amount or Value.—Judgments awarding applicants $50 each as a reward for apprehending a mule thief, being judgments for the recovery of money, under section 950, Kentucky Statutes, and being for less than $200, this court has not jurisdiction of the appeal.

J. B. SNYDER and CHARLES H. MORRIS, Attorney General, for Commonwealth.

H. C. GILLIS for John Weaver and Sherman Sears.

H. H. TYE for Lewis.

B. B. SNYDER for Phillips.

OPINION OF THE COURT BY JUDGE QUIN—Dismissing appeals, and denying motions for appeals.

Five persons made application for a reward for the apprehension of two boys who were indicted for mule stealing.

Section 4283 of the statutes provides:

"It shall be the duty of the person so securing the arrest and conviction, or delivery of any person guilty of any horse or mule stealing, if he desires said reward, to apply to the court in which the accused is convicted or bond forfeited for same, and if the court is satisfied from testimony taken that the person applying for such reward has in good faith, arrested, or directly and immediately caused the arrest and conviction or delivery of a person guilty of horse or mule stealing, he shall cause to be entered on the record book of the court a judgment, stating the name of the person entitled to the reward, and for what the reward is granted, and the amount thereof; should it appear that a peace officer had made the arrest, and in the opinion of the judge of the court is entitled to all or any part of the reward, the judgment shall show what part he is entitled to, and the person so allowed such reward, upon the production to the Auditor of Public Accounts, of a transcript of said order, under the official signature and seal of the clerk of the court where the conviction or forfeiture is had, shall receive from said Auditor his warrant upon the Treasurer for the amount thereof."

From the foregoing it will be seen that when the court is satisfied from the testimony that the applicant is entitled to the reward, a judgment shall be entered accordingly. The lower court awarded judgments of $50.00 each to John Phillips, the owner of one of the stolen mules, and to S. L. Lewis, jailer of Knox county, denying the application of the other claimants. From the judgments in favor of Phillips and Lewis the Commonwealth has appealed.

Weaver, the sheriff of Knox county, and one of the claimants, has made a motion for a cross-appeal against the Commonwealth, and for an original appeal against the Commonwealth, Phillips and Lewis. Phillips has made a motion for a cross-appeal.

Many points are made by the interested parties as to why the judgment should be affirmed or reversed, accord-

ing to their respective theories of the appeal, but this being a judgment for the recovery of money, under section 950 of the Kentucky Statutes, and being for less than $200.00 this court has no jurisdiction of the appeal.

Ex Parte Herrick, 78 Ky. 23, is relied upon as giving the court jurisdiction. But as said in Spalding v. Wathen-Mueller & Co., 136 Ky. 495, the appeal in the Herrick case was taken from an order refusing to issue to a witness a certificate of his attendance; the thing there in controversy was the right of the witness to a certain paper. In Spalding v. Wathen-Mueller & Co., *supra,* a motion to dismiss the appeal for want of jurisdiction was sustained in a case where the clerk of the Marion circuit court was seeking the recovery of certain costs amounting to $55.30, growing out of a number of indictments against the appellee.

Commonwealth v. Tudor, 110 Ky. 739. Here the Commonwealth objected to certain claims allowed witnesses for the prosecution on a continuance. The court dismissed the appeal because the witnesses were not parties to the appeal and the aggregate amount of their claims was only $13.00.

In American Car and Foundry Co. v. James, 139 Ky. 167, a motion to dismiss an appeal was sustained. The court held there was no appeal from a judgment in an action to recover less than $100.00 boom fees for catching defendant's timber, though the action incidentally involved plaintiff's alleged franchise to maintain and operate the boom. See also Sackett v. Creech, 142 Ky. 792; Thompson Whiskey Co. v. Commonwealth, 157 Ky. 392.

For the reasons stated the appeals are dismissed and the motions for appeals denied.