## McCaskey Register Company v. Cawood.

(Decided January 31, 1928.)

### Appeal from Harlan Circuit Court.

1. Sales.—Acceptance of goods purchased after inspection or reasonable opportunity to inspect is a waiver of any breach of warranty in the contract of sale, and buyer who retains goods after discovering defects cannot avoid payment of purchase price upon ground that goods are not as represented.

2. Sales.—Right of buyer of safe to avoid payment on ground of breach of warranty as to particular compartment therein held waived in suit for price, by buyer's acceptance of safe, signing of receipt for proper installation, retention of safe for several months, and failure to make complaint in letters written seller.

ASHER & SHEHAN for appellant.

LYTTLE & MORGAN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

In April, 1925, the appellee entered into a contract with the appellant whereby he purchased from the appellant an "L. Super Safe Account System and Supplies." The concern, including supplies and equipment, weighed about 900 pounds. The price was $663. For brevity we will refer to the contrivance as a safe, as that is what it is called in the evidence. The safe was shipped to appellee in May, and arrived the latter part of that month or the first of June. He turned in as a part of the purchase price an old safe which he had at the price of $100, and paid $43 in cash, thus leaving a balance of $500, for which he executed his notes. He failed to pay the notes, and suit was instituted against him. He answered, admitting the signing of the contract but alleged that his signature thereto was obtained by fraud on the part of the agent of appellant. The alleged fraud consisted of

representations by the agent that there would be a fire
proof compartment in the safe in which appellee could
keep his books relating to his merchantile business, and
that the agent further represented that there would be
space in the safe for the books and also to keep jewelry
and pistols.

Appellee admits that the safe was delivered to him,
but, alleging that it did not contain the compartments for
his books, jewelry, and pistols, he refused to pay the note,
and by way of counterclaim he alleged that he was enti-
tled to recover the $163 which he had paid. He testified
as to the representations made by the agent, and sup-
ported the allegations in his answer, and he introduced
witnesses who corroborated him in his statements. He
made the discovery that the safe did not have such a com-
partment, so he claims, upon the arrival of the safe and
after it had been installed. The appellant sent a man to
install the safe in his store. Appellee signed a receipt
showing that it had been properly installed, although he
claims that he was not present at the time the installa-
tion took place.

The law is well settled in this state that it is the
duty of a buyer to inspect goods which he has purchased
upon delivery, and, if there are any defects which are
apparent and he retains the goods after discovering the
defect without notifying the seller of the defect, he
cannot defend an action for the purchase price upon the
grounds that the goods are not as represented. An ac-
ceptance of the goods after an inspection, or a reasonable
opportunity to inspect, is a waiver of any breach of war-
ranty in the contract of sale. Yeiser v. Russell & Co., 83
S. W. 574, 26 Ky. Law Rep. 1151; Sprout, Waldron & Co.
v. Hunter, 98 S. W. 1006, 30 Ky. Law Rep. 380; McCoy
v. Field Grocery Co., 142 Ky. 812, 135 S. W. 319; J. I.
Case Threshing Machine Co. v. Patterson, 137 Ky. 180,
125 S. W. 287; Iowa Gas & Electric Co. v. Wallins Creek
Coal Co., 222 Ky. 635, 1 S. W. (2d) ——.

The evidence in this case does not show there was
any warrantty, but, on the other hand, the written con-
tract shows that the goods were not warranted, and
also shows that the representative of the company who
made the sale had no authority to vary the terms of the
written contract. But, assuming that there was a war-
ranty, it is only necessary to examine the proof to deter-
mine that the goods were accepted by the appellee with-

out complaint. On July 21, 1925, he addressed a communication to appellant, which reads as follows:

> "I am writing to ask that I may have a little more time before making you another payment. I am contemplating going out of business at once, in fact I have already sold my property and am trying to place this register with some of my friends to finish paying for it if it will be satisfactory with you. I have the money to make the payments, but I thought it would be better if I could trade it on my part. Let me hear from you in regard to the matter, as I want to make everything satisfactory with you."

On August 20, 1925, appellee wrote appellant another letter, in which he said:

> "I have went out of the merchandise business and have decided to let you have the super safe register back as I have no use for it now. Please advise me how to ship and where."

In response to this letter, appellant advised him that the safe would not be accepted by it, and called upon him to pay the installments upon his note then due.

On October 17, 1925, appellee wrote appellant another letter, in which he said:

> "Find enclosed B. of L. for the register I am returning. I just am not able to pay for it. I had to sell out to pay off the bills against my store. Am sorry that I cannot see any way to pay for it. I am going to work by the day next week, so I don't know anything else to do only let you have it back."

He shipped the safe back some time the latter part of October, but appellant refused to accept it from the railroad company. He was advised by appellant, in response to his last letter, that it would not accept the safe.

This record shows that appellee ordered the safe and signed a written contract therefor. He accepted it and retained it for several months. He cannot now escape a judgment against him for the price which he agreed to pay. The trial court should have given a peremptory instruction directing the jury to return a verdict in favor of appellant for the amount of the notes, and, if the evidence is the same on another trial, the court will so instruct the jury.

Judgment reversed and cause remanded, for proceedings consistent with this opinion.