# Stearns Coal & Lumber Co. v. Unemployment Compensation Commission of Kentucky et al.

Jan. 24, 1941.

H. C. Gillis for appellant.

Hubert Meredith, Attorney General, Robert E. Hatton, Edward Carlick, Paul W. Buckholz, Robert Hensley and Elwood Rosenbaum for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Dismissing appeal.

The judgment appealed from dismissed three actions separately instituted by appellant in the Circuit Court to obtain reviews of separate awards of less than $200 each made by the Unemployment Compensation Commission under the Unemployment Compensation Act of 1938, Kentucky Statutes, Supp. 1939, Section 4748g-1 et seq., to the appellees, Shelby Phillips, Ed Bradley, and William Sherman Pryor.

The appeals to the Circuit Court were prosecuted by the filing of petitions for review in the manner pre-

scribed by Section 4748g-11 of that act. After answers had been filed, the appellant sought by amended petitions, filed over the objections of the appellees, to convert the proceedings into declaratory judgment actions, allegedly prosecuted on behalf of all employers affected by the act, and against all employees covered thereby, for the purpose of determining the constitutionality of certain provisions of the act. The court consolidated the three actions, sustained demurrers to each of the petitions as amended, and dismissed them. It also granted appeals to this court, and directed "said appeals may be prosecuted as one appeal."

It is well settled that appellate jurisdiction cannot be conferred by combining actions, which, separately, involve amounts less than the jurisdictional minimum. Kramer v. Kramer, 276 Ky. 504, 124 S. W. (2d) 744; Central Wholesale Co. v. Yaden, 261 Ky. 703, 88 S. W. (2d) 693.

The fact that the constitutionality of a statute was involved does not of itself give the appellate court jurisdiction. Thompson Straight Whiskey Co. v. Commonwealth, 157 Ky. 393, 163 S. W. 201.

Furthermore, an action for a declaration of rights was not a proper remedy. Moore v. Hydro-Electric Co., 226 Ky. 20, 10 S. W. (2d) 466.

Nor was appellant entitled to sue for the benefit of all employers affected by the act, since,

(1) There was no community of interest in the subject matter of the controversy, namely, the right of an individual employee of appellant to be paid unemployment compensation out of its separate reserve account (Kentucky Statutes, Section 4748g-15; Lile v. Kefauver, 244 Ky. 486, 51 S. W. (2d) 473; Swiss Oil Corporation v. Shanks, etc., 208 Ky. 64, 270 S. W. 478) and

(2) The right to act for and on behalf of others was not conferred by the act permitting appeals to the courts from decisions of the Commission and prescribing the procedure to be followed. Cossar, etc., v. Klein, 227 Ky. 768, 14 S. W. (2d) 160; Hill v. Consolidated Coal Co., 232 Ky. 641, 24 S. W. (2d) 261; Hart v. Commonwealth, 207 Ky. 343, 269 S. W. 300; Milliken v. Hatter, 177 Ky. 31, 197 S. W. 511; Ficke v. Covington Savings Bank & Trust Co., 193 Ky. 792, 237 S. W. 662.

Accordingly, the appeal is dismissed.