# Charos v. Jent et al.

Jan. 29, 1943.

Jesse Morgan and Paul Gross for appellant.

Courtney C. Wells for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Dismissing appeal.

This is an action to enjoin the levy of an execution on a judgment against appellant in favor of the appellee, Martha Jane Jent, for $67.82, plus interest and an attorney's fee of $16.95. It is not alleged that the Court rendering the judgment lacked jurisdiction of the subject matter or of the parties, and the sole ground on which the judgment is attacked is that the 1938 "Act to establish minimum fair wages for women and minors" (KS Supp. 1938, Secs. 4767a-1 to 4767a-20) for the violation of which the judgment was awarded, is unconstitutional in part and repealed in part. Assuming that the Court erred in holding the Act nonviolative of the State or Federal Constitution, the resulting judgment was not void but merely erroneous. The amount of the judgment not being sufficient to entitle the defendant to an appeal, he has sought to circumvent the Statute (KRS 21.060, KS Section 950-1) limiting our right to review

monetary judgments, by instituting injunction proceedings, of which we ordinarily have jurisdiction regardless of the amount involved. In an attempt to facilitate the accomplishment of this end, appellant has filed in the office of the Clerk of this Court, not only the record in the present action but the record of the proceedings in the action in which the original monetary judgment was rendered. Were we to sanction such a devious method of procedure, the burdens of this Court would be intolerably increased.

The fact that the constitutionality of the Statute is attacked, does not, of itself, confer jurisdiction upon this Court. Stearns Coal & Lumber Co. v. Unemployment Compensation Comm. of Kentucky et al., 285 Ky. 249, 147 S. W. (2d) 382; and since no ground is alleged on which the judgment attacked could be held void, it is obvious that the present appeal is an attempt to obtain a review by us of a judgment which we have no power to review. Though not strictly in point, because it involved an original application to this Court for a writ of prohibition, the opinion of this Court in the case of Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395, aptly sets forth the evils which would ensue if we should tolerate the circumvention of the Statutes limiting our jurisdiction.

Appeal dismissed.