## McKim et al. v. Smith.

June 25, 1943.

R. J. Wade for appellants.

William G. Reed for appellee.

Opinion of the Court by Chief Justice Fulton— Reversing.

An action was filed by the appellants in the Carroll Circuit Court against the appellee in the year 1939 on an account for medical services. A motion to make the account more specific and definite was filed by the appellee. Before answer was filed and while the motion was pending, judgment was entered on August 31, 1939 for $330 with interest from January 1, 1933. No appeal was taken from the judgment.

Execution was issued on the judgment and levied on personal property of the appellee. This action was filed by the appellee to enjoin the appellants and the sheriff from selling the property under the levy. The circuit court enjoined collection only of that portion of the judgment which awarded interest from January 1, 1933 to the date of its rendition, August 31, 1939, thus holding, in effect, that the judgment was erroneous in awarding interest prior to the date of the judgment. From the judgment enjoining the collection of such interest this appeal is prosecuted.

Although the amount of interest in controversy is only $131.09, this court has jurisdiction of the appeal since it is prosecuted from a judgment granting an injunction and is not merely an effort to circumvent the statute limiting our right to review a monetary judgment. Com. v. Burnett, 274 Ky. 231, 118 S. W. (2d) 558; Newton v. Citizens' Bank of Shelbyville, 251 Ky. 790, 66 S. W. (2d) 7; Charos v. Jent et al., 293 Ky. 50, 168 S. W. (2d) 334.

Since it was clearly within the jurisdiction of the

circuit court to determine from what date interest should be allowed on the account sued on, the judgment of August 31, 1939 was not void to the extent that it awarded interest from January 1, 1933. Nor was the judgment void because of its entry while the motion to make more specific and definite was pending and undecided—this only rendered the judgment erroneous.

And, since the judgment was not void and had become final, the only power the court had to set it aside was under section 518 of the Civil Code of Practice. The allegations of the petition were wholly insufficient to justify the granting of a new trial under this section. There was no allegation of fraud by the successful party and the petition did not purport to seek a new trial on any other ground. Further, the petition failed to allege the defense that would have been interposed if the judgment had not been rendered. This was essential. Gaar, Scott & Co. v. Vanhook, 162 Ky. 332, 172 S. W. 680; McCoy v. Field Grocery Co., 142 Ky. 812, 135 S. W. 319. As a matter of fact, the court did not either grant a new trial or adjudge that the judgment was void—it merely set aside a portion of the judgment, thereby correcting it in a particular in which, apparently, it deemed it erroneous. This it was without power to do, the judgment having become final.

Reversed with directions to enter a judgment in conformity with this opinion.