### BRASHEAR v. PAYNE.

Court of Appeals of Kentucky.

March 26, 1954.

R. Lee Brown and Joe Feather, Williamsburg, for appellant.

Glenn H. Stephens, Williamsburg, Thomas F. Young, Corbin, for appellee.

MORRIS, Commissioner.

The trial court on August 3, 1953, dismissed appellant's petition by which he sought to have the court enjoin appellee from obstructing an alley in the City of Corbin. Followng the filing of the record the court granted an appeal. Appellee moved for a dismissal on the ground that the value of the amount or thing in controversy is not stated in the petition or judgment; hence appellant could not prosecute his appeal as a matter of right, and had not moved for appeal. In support of his motion he refers us to the radical change in 21.060, KRS 1948 by an amendment adopted by the General Assembly in 1952, 21.060, KRS 1953. The amending act became effective June 19, 1952. We gave consideration and effect to it in Hopwood v. Crowe, Ky., 259 S.W.2d 40, holding that where the amount in controversy was insufficient to allow appeal as a matter of right, failure to move for appeal authorized dismissal.

Section 21.060, prior to amendment, provided that appeals might be taken as a matter of right in the classes of cases specifically mentioned, and in all other cases except from a judgment for "the recovery of money or personal property, * * * where the value in controversy is less than five hundred dollars, exclusive of interest and costs", then made other specific exceptions, and further provided that in cases where the amount in controversy was as much as $200 this court would entertain a motion for appeal. The amendment makes material changes; it narrows the scope of appealable cases, and places a higher limitation on the amount involved necessary to give appellate jurisdiction. It allows, as a matter of right, appeals in "all * * * civil cases", except from judgments "where the value of the amount or thing in controversy is less than twenty-five hundred dollars, exclusive of interest and costs", and then classifies other non-appealable cases. The section eliminates the words "money or personal property," thus making it apply in all civil cases, save those specifically excepted.

We do not overlook appellant's contention that he was entitled to appeal as a matter

of right, since it had been held that in cases where injunctive relief was sought, the amount in controversy was immaterial. McKim v. Smith, 294 Ky. 835, 172 S.W.2d 634; Charos v. Jent, 293 Ky. 50, 168 S.W. 2d 334. These opinions were rendered before the amendment of KRS 21.060, and they were based on the theory that suit for injunction was not one for money or personal property.

We are of the opinion that under the terms of the amended section we are without authority to consider the matter on merits; therefore the motion to dismiss is sustained.