**Roy EASTERLY, Appellant,**

**v.**

**James M. GARLAND et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 8, 1954.

---

J. J. Tye, H. M. Tye, Barbourville, for appellant.

Carlos B. Pope, Victor A. Jordon, Barbourville, for appellees.

CULLEN, Commissioner.

Roy Easterly has attempted to prosecute an appeal from a judgment of the Knox Circuit Court, which refused to grant him a permit for a "place of entertainment" under KRS 231.010. We are faced at the outset with a motion to dismiss the appeal.

KRS 231.090(5) provides that the judgment of the circuit court granting or refusing a permit for a place of entertainment shall be "final". In the context in which this subsection appears, it is clear that it means there shall be no appeal from the judgment.

Easterly maintains that he is entitled to an appeal under KRS 21.060(2) (b), which provides that the Court of Appeals may grant an appeal, even though less than $200 is involved, if the correct decision of a case cannot be had without construing a statute or section of the constitution put in issue in the case. Easterly contends that the case involves the construction of KRS 231.030, which prescribes qualifications for a permit.

Easterly's argument fails for two reasons. First, because it is well settled that the mere fact that the construction of a statute is involved does not confer a right of appeal. Thompson Straight Whiskey Co., v. Commonwealth, 157 Ky. 393, 163 S.W. 201; Stearns Coal & Lumber Co. v. Unemployment Compensation Commission, 285 Ky. 249, 147 S.W.2d 382; Charos v. Jent, 293 Ky. 50, 168 S.W.2d 334. Second, the judgment in this case was not based upon a construction of KRS 231.030, but upon a holding that an earlier judgment, denying a permit to prospective lessees of Easterly, was res adjudicata of Easterly's application for a permit.

No question of constitutionality of the statute is raised. See Engle v. Miller, 303 Ky. 731, 199 S.W.2d 123.

The appeal is dismissed.