## The Commonwealth of Kentucky, by et al. v. Crume.

(Decided February 9, 1911.)

### Appeal from Nelson Circuit Court.

1. Revenue and Taxation—Assessment of Lien Notes.—It 's made by statute the duty of the person who appears of record to be the owner of a lien note to assess the same for taxation. But if, before the assessing period the note has been assigned, and it satisfactorily appears that the assignee has listed it for taxation and paid the taxes thereon, the assignor will not be liable for the tax, although the record does not show the assignment.

2. Auditor's Agent.—Who institutes proceedings and is defeated is liable for the costs of the action.

BEDFORD CHERRY for appellant.

C. T. ATKINSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In August, 1910 the revenue agent for Nelson County filed a statement as provided in section 4260 of the Kentucky Statutes against the appellee, seeking to assess against her as omitted property as of September 1st, 1909, sundry real estate notes secured by a vendor's lien executed to her as a part of the purchase price of real estate, and which the record showed were owned by her on September 1st, 1909.

For defense the appellee set up that in March, 1909, she sold and transferred the notes sought to be assessed to the Farmers Bank & Trust Company of Bardstown,

since which time it had been the sole owner of them and had duly assessed them for taxation as of September 1st, 1909.

There is no dispute about the facts, but the revenue agent insists that because the record book in which the conveyance retaining the liens was recorded did not show any assignment of the notes before September 1st, 1909, that appellee who on that date appeared of record as the owner of the notes should be required to assess them for taxation although they had been assessed as of that date by the assignee.

The contention of the revenue agent is based on section 4051a of the Kentucky Statutes providing in part that the county clerk of each county shall on or before the first day of September of each year make and certify to the various county assessors a statement of all purchase money, notes, mortgage notes and other obligations for money due or to be paid as shown by the records in his office, and "should there be an assignment of such note or other evidence of indebtedness, of record in the clerk's office, the assignment shall state the county and state of the residence and postoffice address of the assignee; unless any assignment is made of record, the original holder or owner shall be liable for taxes as though no assignment had been made."

The argument is that this statute is mandatory and puts peremptorily upon any person appearing of record to be the owner of a mortgage or lien note the duty of listing the same for taxation and paying the taxes thereon unless the record also shows in conformity with the statute an assignment of the note or obligation. And so it is said the fact that the appellee before September 1st, 1909, assigned and sold the lien notes to an assignee who had assessed them for taxation as of that date, did not relieve her of the obligation to assess and pay the taxes on them.

With this construction of the statute we cannot agree. The intention of its enactment was to secure the payment of taxes upon all lien obligations that appeared of record. It is not a matter of much importance who pays the tax upon such property, so that it is paid. The purpose of the law is satisfied when the property is assessed for taxation and the taxes are paid. The statute was not enacted to enable taxing officers to collect double taxes on the same property for the same year. If the assignee of a note lists the same for assessment and pays the tax

on it, the assignor should not be required to list and pay taxes on the same note for the same year. The statute reads if the assignment is not made, "the original holder or owner shall be liable for taxes as though no assessment had been made." The meaning of this is that if the assignment is not made as required by law, the record owner or holder shall be liable for the taxes, unless it satisfactorily appears that the assignee has paid the tax for the year in which it is sought to collect them from the assignor. There is nothing in the statute that would warrant us in holding that both the assignor and assignee should be required to list and pay the taxes, nor is it necessary that the assignor should be penalized in this manner to effectively secure the purpose of this law, We therefore hold, as did the lower court, that the person who appears of record to be the owner or holder of any lien note or obligation at any assessing period must list the same and pay the taxes thereon, although the note was in good faith sold and assigned before such date, unless it satisfactorily appears that the assignee has listed it for taxation and has paid or will in due course pay the taxes thereon.

Nor does this construction of the statute conflict with the case of Shrader v. Semonin, 123 Ky., 605. The question here presented was not before the court in that case.

Complaint is also made of so much of the judgment as directed that the cost should be paid by the revenue agent. Section 4260 of the Kentucky Statutes provides that if the property sought to be assessed by a revenue agent is not liable for taxation, the court "shall make an order to that effect, and the officer instituting said proceedings shall be liable on his official bond to the defendant for all costs incurred by him in defending said proceeding; and this shall apply to all courts to which said proceedings are taken." Under this statute there was nothing else for the court to do when it dismissed the proceedings, except to enter a judgment against the revenue agent for the costs.

Wherefore the judgment of the lower court is affirmd.