## Goodrum. v. Flowers.

(Decided February 11, 1915.)

Appeal from Warren Circuit Court.

Appeal—Dismissal—Dismissal for Want of Jurisdiction by Court Sua Sponte.—Where a judgment is for money only, and the amount is less than two hundred dollars, exclusive of interest and costs, under Section 950 Kentucky Statutes, the Court of Appeals has not jurisdiction to entertain the appeal.

BRADBURN & BASHAM for appellant.

THURMAN B. DIXON and MAX B. HARLIN for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Dismissing Appeal.

L. B. Goodrum was assessed for taxation in the county of Allen, in 1913, on property valued at $3,600, the taxes amounting to $55.80. Goodrum was not a resident of the county. J. N. Flowers, the sheriff of Allen County, failed to collect the amount in question, and was required to account for same as if collected by him. He then instituted this action in his individual capacity in the circuit court of Warren County, where Goodrum resides, to recover the $55.80 as for money paid for him. There was a judgment in favor of the plaintiff, and defendant appeals.

It appears from the record that Goodrum had sold a tract of land in Allen County on October 28, 1911, and that $3,600 of the consideration was represented by notes secured by vendor's lien retained in the deed. These notes he sold to the Potter-Matlock Trust Company, and with the proceeds he bought land in Warren County. No assignment, however, was made on the record in the office of the clerk of the county court, of the vendor's lien, and so the notes were listed and assessed as the property of Goodrum. The statute (Sec. 4051a, Kentucky Statutes), provides that unless the assignment of such notes was noted of record, the original holder is liable for taxes thereon as if no assignment had been made; but in Schrader v. Semonin, 123 Ky., 605, 96 S. W., 904, and in Commonwealth, by etc. v. Crume, 142 Ky., 180, it was held that if it should be made to appear satisfactorily that the assignee of the notes had in fact listed them for taxation himself, the assignor is thereby relieved.

It would seem that these cases are controlling to deny a recovery in favor of the plaintiff herein, the Trust Company being a Kentucky bank located at Bowling Green, in Warren County, and subject to taxation under and in the manner and to the extent fixed by law.

However, the judgment appealed from is for only $55.80, and that presents a question whether the judgment is appealable.

2. It is contended by appellant upon the authority of Willis v. Thornton, 78 S. W., 215, 25 R., 1521, that as the present case involves a question of taxation, the judgment of $55.80 is appealable.

The case of Thompson Straight Whiskey Company v. Commonwealth, 157 Ky., 393, was an ordinary action for the recovery of money due as a tax, and the judgment was for money only. In that case, as in this, it was contended that as the case involved a question of taxation, it was appealable regardless of the amount of the judgment. In that case, the court after an extensive review of the authorities held that as the judgment was for money only and the amount in controversy was less than two hundred dollars, the appeal should be dismissed. The case of Willis v. Thornton was distinguished upon the ground that the judgment therein was not for the recovery of money, but to enjoin the collection of a tax, the thing in controversy being not the amount of the tax, but the liability of plaintiff's property to be taxed as a particular district.

In the case at bar the judgment is for money only; the amount is less than two hundred dollars exclusive of interest and costs, and under the provisions of Section 950, Kentucky Statutes, as construed in the Thompson case, *supra,* this court has not jurisdiction to entertain the appeal.

Appeal dismissed.