## Hillman Land & Iron Company v. Commonwealth.

(Decided January 5, 1917.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error—Jurisdiction.—A circuit court is without jurisdiction to grant an appeal from a money judgment for $300.00.
2. Appeal and Error—Granting by Court of Appeals.—An appeal from a money judgment for less than $500.00 can only be granted by the Court of Appeals.
3. Appeal and Error—Jurisdiction.—The parties to an action cannot confer jurisdiction by consent.

BERRY & GRASHAM for appellant.

M. M. LOGAN, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing appeal.

The Hillman Land & Iron Co. is a Missouri corporation, with its chief office and place of business in St. Louis. It has an authorized capital stock of $1,000,000.00, of which $750,000.00 has been issued. The stock thus issued is represented by farm and timber lands in the State of Kentucky worth $400,000.00, which yielded an income of $17,462.83 in 1915. The corporation carried on no business during the year 1915, except what was carried on by its tenants, in Kentucky. It has no property, or business, or income therefrom in any other state.

Section 4189a of the Kentucky Statutes requires domestic and foreign corporations to pay an annual license tax based upon its authorized capital stock; and, by section 4189c, the license tax is fixed at thirty cents on each one thousand dollars of that part of the authorized capital stock represented by property and business transacted in this state. There are other provisions of the statute which need not now be considered.

The Commonwealth contends that the appellant must pay a license tax of thirty cents on each one thousand dollars of its authorized capital stock of one million dollars, while the appellant insists that it should only be required to pay a license tax of thirty cents on each one thousand dollars of the $400,000.00 valuation of tangible property owned, and the $17,462.83, income on business transacted for the year 1915. The parties filed this agreed case, asking the circuit court for a full construction of the law involved upon the facts submitted.

The circuit court sustained the contention of the Commonwealth, and adjudged that the Hillman Land & Iron Co. "is liable and should be required to account for and pay to the Commonwealth of Kentucky a license tax of thirty cents on each one thousand dollars of its authorized capital stock," of one million dollars. From that judgment the Hillman Land & Iron Co. prayed and was granted an appeal in the circuit court.

The judgment is somewhat irregular in form, in that it does not specifically award a recovery of a definite amount, and we do not now pass upon the question of its validity. At most, it is a judgment for only $300.00; and, under section 950 of the Kentucky Statutes as amended by the act of 1914, an appeal from a money judgment for less than $500.00 can only be granted by

the Court of Appeals. An appeal. granted by a circuit court from a judgment for less than $500.00, is a nullity. Childers v. Ratliff, 164 Ky. 123. The practice in such cases is pointed out in Oman-Bowling Green Stone Co. v. L. & N. R. R. Co., 169 Ky. 832, and City of Covington v. Sullivan, 172 Ky. 537, and the cases therein cited.

The fact that the judgment is for a license tax does not change the rule or give this court jurisdiction, since it is the amount in controversy, under a money recovery, and not the nature of the cause of action that governs the right of appeal. Thompson Straight Whiskey Co. v. Commonwealth, 157 Ky. 373; Goodrum v. Flowers, 162 Ky. 724.

Neither can the parties confer jurisdiction upon this court by consent, where it is not authorized by law. Lindsey v. McClelland, 1 Bibb. 262; Ormsby v. Lynch, Litt. Sel. Cas. 303, 7 R. C. L., p. 1039.

Appeal dismissed without prejudice.