### Heitt v. Smith, et al.

(Decided October 17, 1924.)

#### Appeal fom McCracken Circuit Court.

1. **Damages—Instructions Held Erroneous as Not Affording Jury Method to Determine Amount Plaintiff was Entitled to Recover, if Anything.**—In action on contract involving issue whether owner

of property or contractor was to furnish material for building instructions held erroneous as affording jury no method by which to determine amount which plaintiff was entitled to recover, if anything.

2. Appeal and Error—Objections to Instructions Lost by Failure to Except.—One who objected to instructions lost his right to complain by failing to except when court overruled objection, in view of Civil Code of Practice, section 333.

3. Appeal and Error—Plaintiff Held Not Entitled to Prosecute Appeal in Court of Appeals.—Where plaintiff only sued to recover $400.00 against sureties, and objected and excepted to ruling peremptorily directing jury to find and return verdict for them, and as one of grounds for new trial set out "because of error of the court in giving peremptory instruction" as to sureties, and objected and excepted and prayed an appeal which was granted by lower court, he could not prosecute appeal as matter of right, and, having elected to prosecute appeal under order entered by lower court, and having failed to move for appeal in Court of Appeals, he lost his right to prosecute appeal.

M. E. GILBERT for appellant.

A. M. NICHOLS, NICHOLS & NICHOLS and JACK E. FISHER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Hendrix entered into a contract with W. S. Smith in 1922, whereby Smith, a carpenter and contractor, was to remodel a house for appellant Heitt in consideration of $1,183.00. This was all expressed in a writing, but there was nothing said concerning who was to furnish materials. In this litigation appellant Hieatt claims appellee Smith was to furnish the materials and do the work, while Smith contends he was to do the work but Heitt was to furnish the materials.

This action was commenced upon a writing which Heitt in his petition avers was a guaranty or indemnifying bond, reading:

"Paducah, Ky., Nov. 4, 1922.

"We, the undersigned, hereby do agree to stand for the amount of four hundred dollars ($400.00) on the Oscar Heitt job, 1742 Harrison street, to enable W. S. Smith, party of the first part, to proceed with his work. To complete said job as contract and specifications call for.

"W. S. SMITH,
"J. W. SMITH,
"CHARLES E. SMITH."

The sureties on the writing, J. W. Smith and Charles E. Smith, were made defendants. Appellee Smith pleaded a counterclaim for $688.20.

A jury trial was had. When the evidence was all in the appellee Smith asked the court, first, to give an instruction directing the jury to find in favor of defendants, J. W. Smith and Charles E. Smith, sureties on the bond, and this motion, though objected to, was sustained by the court, and the jury instructed to find and return a verdict for the sureties. To this ruling appellant excepted. The court overruled motion of the defendant to give instruction "B," reading: "The court instructs the jury to find for the defendant on his counterclaim the sum of $581.00;" and to this Smith excepted. The court then upon its own motion gave instructions Nos. 1 and 2 reading:

"1. If you believe from the evidence that the contract entered into between plaintiff and defendant was that defendant was to repair and build property of the plaintiff for the sum of $1,183.00 and to furnish material and work in the building and repairing, and that he failed to do so, you will find for the plaintiff not exceeding the amount claimed in the petition, to-wit, $650.00.

"2. If you believe from the evidence in this case that the defendant was to be paid $1,183.00 for the work, and that plaintiff was to furnish the material, then you will find for the defendant not exceeding $688.20."

These instructions were erroneous in several particulars, especially because they afforded the jury no method by which to determine the amount which the plaintiff was entitled to recover, if anything. Appellant Heitt objected to these instructions, but he did not *except* when the court overruled his objection. Thus he lost his right to complain upon appeal that the instructions were erroneous.

We held in the case of Louisville & Nashville Railway Company v. Bocock, 107 Ky. 223, that before an appellant can predicate error of the instructions given, offered or refused, it must appear that he, excepted to the ruling of the court on that subject, a mere objection not being sufficient. Cox v. Winston, 3 Met. 557; L. & N. R. R. Co. v. Graves' Assn's, 78 Ky. 74; Civil Code of Practice,

section 333; L. & N. R. R. Co. v. Taylor, 31 R. 1143; Miller, Appellate Practice, sections 61 and 62.

Appellant only sued to recover $400.00 against the sureties in the indemnifying bond, if such it were, but he objected and excepted to the ruling of the court in peremptorily directing the jury to find and return a verdict for the sureties. As one of the grounds for new trial he set out "because of error of the court in giving peremptory instruction as to J. W. Smith and Chas. E. Smith." This motion was overruled by the court and appellant objected and excepted and prayed an appeal to this court, which was granted by the lower court. From that judgment he appeals to this court. As appellant Heitt only sought judgment for $400.00 against these two defendants he could not prosecute an appeal from a judgment dismissing as to them, as a matter of right, from the judgment of the court below, but he could have moved in this court for an appeal as to the sureties, and would have been entitled, had he made such a motion, to a hearing upon the motion for appeal, although the court might not have thought the motion well taken. He failed to make such motion for an appeal in this court as to the sureties. He, therefore, lost his right with respect to them to prosecute an appeal to this court. Had he abandoned his appeal granted in the lower court, and filed his record in this court, it would have been treated by the court as a motion for an appeal, but having elected to prosecute his appeal under the order of the lower court, his filing of the record in this court will not be treated as such motion. Oman-Bowling Green Stone Co. v. L. & N. R. Co., 169 Ky. 832; Cit yof Covington v. Sullivan, 172 Ky. 534.

For the reasons indicated the judgment must be affirmed.

Judgment affirmed.