## Lower v. Lower.

(Decided Oct. 15, 1935.)

F. A. HARRISON for appellant.

L. M. ACKMAN for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Dismissing appeal.

The appellee brought this suit in the Grant circuit court against appellant, who is her husband, for. alimony. At the time of the filing of the action, appellee, plaintiff below, procured an order of attachment against the property of appellant and the Grant County Deposit Bank was summoned as garnishee. Upon trial of the action the court adjudged alimony against apellant in the sum of $6 per month and sustained the attachment to the extent of $300 and ordered said sum impounded in the bank out of which to pay the alimony until further orders of the court. Appellant excepted to the judgment and prayed an appeal to this court which was granted by the Grant circuit court.

Under sections 950-1 and 950-3 of the Kentucky Statutes, and rule 10 of this court, adopted for the purpose of administering the statute, an appeal from a money judgment for a sum as much as $200, exclusive of interests and costs, but less than $500, can be granted only by the Court of Appeals upon proper motion made therefor. The amount here in controversy, ex-

clusive of interests and costs being for $300 only, the circuit court had no authority to grant the appeal.

This question has been determined by this court in the cases of Childers v. Ratliff, 164 Ky. 123, 175 S. W. 25; Wolfe v. Wolfe, 241 Ky. 344, 43 S. W. (2d) 1006, and case cited therein.

No motion is made in the present case to dismiss the appeal; but the judgment being for less than $500, and the appeal having been prayed in the lower court instead of having been brought up by motion for appeal as provided by law in such cases, this court is without jurisdiction to consider the appeal, unless the appeal prayed in the circuit court is abandoned and an appeal sought in this court; and this rule prevails even though a lien is sought against real estate unless it be a statutory lien. Phelps v. Johnson, 182 Ky. 755, 207 S. W. 453, and cases therein cited.

Ordinarily, this court will not search the record for errors or questions not raised by the parties, for the reason that as a general rule a question not raised by the parties is deemed to have been waived. But the question here being one of jurisdiction, it cannot be waived.

Wherefore, the appeal is dismissed.