## Finley et al. v. Thomas et al.

Nov. 28, 1939.

H. C. Gillis and Tye & Siler for appellants.

Zeb Stewart, E. L. Stephens and Glenn H. Stephens for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

This is the second appeal of this case, the opinion on former appeal reversing a judgment for appellees for $500 is reported in 269 Ky. 422, 107 S. W. (2d) 287. A full statement of the matters out of which the litigation grew, the issues involved and the proven facts and circumstances as revealed by the record on the first trial will be found in that opinion. Reference to which saves the necessity of an extended statement of facts and matters in issue.

The judgment was reversed on the first appeal because the court in its instructions submitted to the jury the question of limitation pleaded when no such question was involved. It was said in the opinion that instruction No. 7 covered all the issues in the case and that and instruction No. 8 telling the jury that nine or more could make a verdict were all the instructions that should have been given; that the only issue was whether appellants made the contract and that if they did, a dismissal of the suit filed June 25, 1926, was sufficient grounds to support it. On the second trial of the case two instructions given by the court were identical with instructions 7 and 8 referred to in the former opinion with reference to limitation eliminated. The jury returned a verdict for appellees for $700 and this appeal is from a judgment predicated on that verdict.

When the case was called for trial following the filing of the mandate on the first appeal appellants filed a motion challenging the panel and moving that the jury

be discharged because the special term to which the case had been assigned for trial was called during and before the end of the regular term and also because the order calling the special term was otherwise defective. The court overruled the motion to discharge the panel to which ruling the appellants excepted.

As grounds for reversal it is argued in effect that appellants' motion for a peremptory instruction should have been sustained because the evidence was not sufficient to authorize a recovery and because there was no allegation that the dismissal of the suit filed June 25, 1926, was the consideration for the contract and there was no evidence to support such allegation if it had been made; and further that the court erred in not sustaining appellants' challenge to the panel.

Appellants construe the opinion on the former appeal as holding that the question was not only whether the contract was made by appellants but also whether the dismissal of the suit filed June 25, 1926, was the consideration for making such contract. Manifestly this is an erroneous interpretation of the opinion, since the instructions which the opinion said properly submitted all the issues made by pleading and proof made no reference whatever to the suit filed June 25, 1926, and did not make appellees' rights of recovery depend upon whether the dismissal of that suit was the consideration of the contract but did authorize a finding for appellees if the contract was made "at a time when there was a controversy between the said company and the plaintiffs, or either of them, over the ownership of the tract of land." There is no material difference between the evidence on the former trial and the evidence on the last trial; in fact, the evidence of a number of witnesses on the former trial was read as the evidence on the latter. There is evidence conducing to show or from which a natural inference would arise that appellant Finley was acting for himself and on behalf of the Proctor Coal Co.; and there is in fact some evidence that it was the understanding and agreement when the alleged contract was made that the suit filed June 25, 1926, would be dismissed. Since the evidence was in substance and effect the same as on the former trial and the court gave the instructions which the opinion on former appeal said should have been given, the law of the case rule clearly applies. The opinion of the appellate court upon a former appeal is the law of the case insofar as the issues and

evidence upon subsequent trial are the same without regard to whether the first opinion was right or wrong. McClintock v. McClure, 171 Ky. 714, 188 S. W. 867, Ann. Cas. 1918E, 96; Farmers' Bank & Trust Co. v. Stanley, 190 Ky. 762, 228 S. W. 691; Louisville & N. R. Co. v. Mink, 179 Ky. 625, 201 S. W. 16.

The order calling the special term at which this case was tried was made several days before the expiration of the regular term and it is argued in effect that the court was without authority to call the special term at such time.

Section **971-12, Kentucky Statutes**, in part provides:

> "It shall be the duty of every regular circuit court judge to call a special term of his court, when at the close of any regular term, as many as ten cases remain on the docket of his court undisposed of and not called for trial, nor under submission."

In the case of Meredith, Attorney General, v. Sampson, Judge, 277 Ky. 263, 126 S. W. (2d) 124, this court for reasons indicated in the opinion held that there could be no legal panel for the remainder of a regular term of the Whitley circuit court in which the order calling the special term was made. The order calling the special term was made after this court had decided the question. Manifestly the only purpose of the statute, Section 971-12, supra, in deferring the call for a special term to the close of the regular term was that the court would be enabled to know the state of the docket, and the necessity for the calling of the special term as contemplated by the statute. At the time the order calling the special term was entered there could be no more jury trials during the remainder of the term because as held by this court there could be no legal panel and the situation was the same as if the term had come to a close at that time insofar as cases in which the parties were entitled to trial by jury was concerned. It is therefore apparent that the call made at that time in such circumstances is in harmony with the purpose and spirit of the statute.

With respect to the form and contents of the order calling the special term we deem it sufficient to say that it substantially complies with the requirements of the statute.

Judgment affirmed.