### Maddox et al. v. Renneckar et al.

Dec. 1, 1939.

C. C. Adams for appellants.

Harrison, Samuels & Vincent for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

On October 23, 1924, the eight plaintiffs below and appellants here, with three others, C. E. Blackburn, K. P. Beverly and W. T. Renneckar, Sr., jointly executed their two promissory notes to N. G. Coates by which they agreed and promised to pay him one year thereafter the sum of $2308.19, or a total of the two notes of $4616.38. W. T. Renneckar, Sr., died shortly thereafter and, while not expressly averred, it appears that his death occurred before the notes became due, since his administrators filed with the county court an inventory of his estate on February 11, 1925, thus showing that his death occurred prior to that day. The administrators settled his estate with the county court of his residence (Grant County) on February 11, 1926, and which was duly recorded. Later distribution was made among his four adult heirs who were his only children and who are the appellees and four of the defendants below. No claim of any character by anyone against the estate of W. T. Renneckar, Sr., on account of his signing the note was made against his personal representative.

Someone made payments on the combined indebtedness from time to time after the notes matured, and which continued until January 22, 1934, when the eight plaintiffs below and appellants here paid the balance due thereon with interest to that date, amounting to $3863.86. The three makers not joining in that payment were the Renneckar estate, C. E. Blackburn and K. P. Beverly. Plaintiffs by this action filed May 28, 1937, against the four Renneckar heirs, Beverly and Blackburn, sought to recover contribution against the two makers for their pro rata part and against the heirs of Renneckar for the pro rata part of their ancestor. Among the defenses interposed was one of limitation by the heirs of Renneckar, whilst Beverly paid, after the suit was filed, his pro rata part due plaintiffs, and Blackburn became bankrupt.

The petition alleges, which was true, that the amount due plaintiffs from each obligor in the note was $386.34. It was alleged that each of the Renneckar heirs received from their ancestors more than that amount, which, perhaps, could be recovered by plaintiffs, although as among themselves they would be liable separately for only one-fourth of it. The plea of limitations was based upon the allegation that Renneckar was surety on the notes and that more than seven years had elapsed since they became due before plaintiffs made payment of the unpaid balance, and it was contended that by the voluntary act of payment they could not revive the cause of action against Renneckar's heirs after it had become barred against their ancestor. However, the reply denied that Renneckar was surety on the note, but that he was a principal and it was therein contended that, on the theory advanced in the answer, limitations had not expired and the fifteen year statute of limitations applied.

Again it was insisted by the Renneckar heirs that the limitations provided in Section 2530 of our Statutes was the applicable one, and which is seven years within which an heir may be sued to the extent of his distributable share received by him for the debt of his ancestor. That contention was sought to be avoided by plaintiffs because the cause of action had not accrued against the ancestor before his death and that the personal representatives were not jointly sued with the heirs in this case. The court finally determined that the action against the heirs was barred, and dismissed plain-

tiffs' action against them. Plaintiffs were granted an appeal by the trial court, and pursuant thereto they have filed the transcript of the record in this court, but have not moved for an appeal.

The practice of the case as so briefly outlined—plus other matters not referred to—displays wide departures from correct rules, but we find ourselves barred from considering or determining any of them because of the fact that the appeal has not properly been brought to this court. Section 950-3 of our present statutes prescribes how an appeal to this court may be made when the amount involved is as much as $200 and less than $500, and which is by filing a transcript of the record in this court with a motion for an appeal. In numerous cases following that section we have said that if the practice therein prescribed was not followed the attempted appeal would be dismissed, two of which are Wolfe v. Wolfe, 241 Ky. 344, 43 S. W. (2d) 1006, and Lower v. Lower, 260 Ky. 729, 86 S. W. (2d) 682. The amount which the Renneckar heirs should contribute—provided they inherited that much from their ancestor's estate—is one-tenth of the amount plaintiffs had to pay, and which is $386.34, as stated in the petition, and no fact is pleaded increasing that amount up to $500. It is true that plaintiffs attempted to augment that amount with interest from the date they made the payment, plus the pro rata amount of Renneckar on account of Blackburn passing out of the picture and Beverly not paying, although the latter did pay his part before the judgment was rendered. However, nothing should be added to the original one-tenth of the amount paid by plaintiffs on account of any of those matters, since that amount included the part due from Beverly as well as from Blackburn, and it is more than doubtful that any attorneys' fees could be recovered from Renneckar's heirs on their implied obligations imposed by law to defray their ancestor's part by way of contribution to the extent of property obtained by them from his estate, and the amount involved does not embrace interest which is excluded by the section of the statutes supra. But however that may be, in no event can the amount due plaintiffs from the Renneckar estate be increased to $500.

No motion for an appeal was ever made in this court, and for which reason the provisions of Section 950-3, supra, have not been followed by appellants. We, therefore, conclude, as held by the cited cases supra, that

we have no jurisdiction to review the judgment under the erroneous practice pursued.

Wherefore, the appeal is dismissed.