# Reisinger v. Oldham.

May 13, 1941.

Robert L. Meredith for appellant.

Waxman & Waxman and Dodd & Dodd for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Dismissing appeal.

The appellee brought this action in the Jefferson circuit court against the appellants, Laura B. Milburn Reisinger, P. G. Kullman, Charles Baker, Zella M. Horrell Watkins, American Surety Company of New York, surety on the bond of Zella M. Horrell Watkins as guardian for appellee, and William B. Craig, seeking the cancellation of certain deeds to a parcel of real estate owned or alleged to be owned by appellee; or, if that relief could not be had she asked to recover of certain ones of the defendants the value of the real estate.

The substance of the allegations of the petition is that in 1932 Laura B. Millburn (since married and now appears in this record as Laura B. Milburn Reisinger) conveyed to appellee, who was then an infant only about sixteen years of age, certain real estate which deed was delivered to or otherwise came into the hands of Zella M. Horrell, (now Watkins) guardian for appellee, but that for some reason the guardian failed to have the deed recorded. In 1935 Laura B. Millburn wrongfully and unlawfully conveyed the same real estate to Charles Baker who thereafter conveyed it to P. G. Kullman who

later conveyed it to William B. Craig, and that the latter is now claiming to be the owner of same.

Before the case came to trial appellee dismissed the action as against her guardian, Mrs. Watkins, and the surety company, and the issues were made as between appellee and the other defendants. The evidence was taken and on a trial of the action the court found and adjudged that Charles Baker and his subsequent grantees were innocent purchasers and refused to cancel any of the said deeds. The court further found, however, that Laura B. Milburn did convey the property in question to appellee by her deed of conveyance executed in 1932, and that same was a valid deed, and further found and adjudged that the property was of the value of four hundred and fifty dollars and entered judgment for that sum against Laura B. Milburn Reisinger who is the sole appellant in this action. The appellant excepted to the judgment of the court and prayed an appeal which was granted by the court below, as though the judgment was for the sum of five hundred dollars or more, without entering any motion in this court to grant an appeal as provided in Section 950-3, Kentucky Statutes, which provides that when the amount in controversy is as much as two hundred dollars, exclusive of interest and costs, and less than five hundred dollars, a party desiring to prosecute an appeal may do so upon paying the tax and filing the record in the clerk's office of the court of appeals in the time and manner provided in other like cases, and entering a motion that the appeal be granted.

This court has repeatedly held that the circuit court cannot grant an appeal from a money judgment for less than five hundred dollars, and the lack of a motion for an appeal in such state of case in the court of appeals cannot be waived, as the matter is jurisdictional. Lower v. Lower, 260 Ky. 729, 86 S. W. (2d) 682.

Since the judgment involved is for less than five hundred dollars, and no motion for an appeal appears in the record, this court has no jurisdiction of the attempted appeal and, therefore, the same is dismissed.