## Stephens v. Davis.

May 16, 1941.

Stephens & Steely for appellant.

W. B. Early for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Dismissing appeal.

F. M. Thomas and Aaron Perry recovered judgment in the Whitley Circuit Court on Feb. 24, 1939, in the sum of $700 against Charles Finley and the Proctor Coal Company upon their promise to pay for certain

timber cut from lands owned jointly by Thomas and Perry. The judgment recited Thomas owned a one-fourth undivided interest in the lands and it awarded him one-fourth of the recovery, or $175; that Perry owned a three-fourths undivided interest therein and it awarded him three-fourths of the recovery, or $525. It was further recited in the judgment that E. L. Stephens, attorney for Perry, had a lien on one-half of the $525 awarded Perry to secure his fee as Perry's attorney in the litigation. On appeal this judgment was affirmed in Finley v. Thomas, 280 Ky. 654, 134 S. W. (2d) 243.

Upon the case being returned to the circuit court, R. D. Davis filed his petition to be made a party wherein he asserted a lien for $376.28 with 6% interest per annum from Dec. 12, 1924, on the $525 Perry recovered, and he alleged his lien was superior to that of Stephens. On Feb. 22, 1941, which was long after the judgment was entered on the mandate, the chancellor set aside so much of the judgment of Feb. 24, 1939, as adjudged Stephens a lien on one-half of $525 recovered by Perry, and thereupon adjudged Davis a first lien thereon. Stephens excepted to the order overruling his motion and grounds for a new trial and prayed an appeal to this court which was granted by the Whitley Circuit Court.

Under Section 950-1 and Section 950-3, Kentucky Statutes, an appeal from a money judgment for a sum as much as $200, exclusive of interest and cost, but less than $500, can be granted only by this court upon an appropriate motion. In the instant case the amount in controversy being $262.50, the chancellor was without authority to grant the appeal. Lower v. Lower, 260 Ky. 729, 86 S. W. (2d) 682; Wolfe v. Wolfe, 241 Ky. 344, 43 S. W. (2d) 1006; Title Ins. & Trust Co. v. Cole, 277 Ky. 512, 126 S. W. (2d) 1097.

Appellant was asserting a lien for an attorney's fee of $262.50 under Section 107, Kentucky Statutes, and perhaps he was under the impression that as the action involved a statutory lien, Section 950-1 gave him an appeal as a matter of right. However, Section 950-1 grants an appeal as a matter of right when the amount in controversy is less than $500 in cases in which "the title to land or the right to an easement therein, or the right to enforce a statutory lien thereon is directly involved." The lien the appellant sought to enforce was not on the

land, but on the $525 Perry recovered against Finley and the Proctor Coal Company on their promise to pay for timber cut. If land had been recovered and Stephens had been adjudged a lien on the land to secure his fee, he would have been within Section 950-1 and could have appealed as a matter of right from the circuit court's judgment denying him a first lien. Hatfield v. Richmond, 177 Ky. 183, 197 S. W. 654. But the enforcement of a statutory lien on personal property is not sufficient to give this court jurisdiction regardless of the amount in controversy. Krish Co. v. Rigsby, 121 S. W. 479; Rhodes v. Frankfort Chair Co., 79 S. W. 768, 25 Ky. Law Rep. 2042.

No motion was made to dismiss the appeal, nor do the parties raise the question in briefs, yet we feel compelled to raise it ourselves since it is one of jurisdiction and cannot be waived. Although we are without jurisdiction to consider this appeal, that fact does not prevent appellant from moving this court under Section 950-3 for an appeal on the record now before us.

The appeal is dismissed.