# Stewart v. City of Corbin et al.

May 11, 1943.

Zeb A. Stewart for appellant.

M. A. Gray for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Dismissing appeal.

The appellant, Zeb A. Stewart, was prosecuting attorney of the City of Corbin for the four-year term expiring on December 1, 1941. After the expiration of his term he filed this action against the City of Corbin, seeking a declaration of rights under the Declaratory Judgment Act, Civil Code of Practice, section 639a-1 et seq., as to his compensation under section 3373 of the Kentucky Statutes (now KRS 69.530) and recovery of $354.08, the balance alleged to be due under the statute as his percentage of fines collected in the police court.

The lower court denied the relief sought, dismissed the petition and granted an appeal to this court. The appellant now prosecutes the appeal granted by the lower court. Motion for an appeal was not made in this court although the amount in controversy is less than $500.

. The appeal must be dismissed since the appellant relies on and prosecutes the appeal granted by the lower court which had no right to grant an appeal to this court, the amount in controversy being less than $500. KRS 21.080. Matney v. Edmonds, 179 Ky. 243, 200 S. W. 365; Heitt v. Smith, 205 Ky. 78, 265 S. W. 482. The two cited cases hold that where an unauthorized appeal granted by the lower court is not abandoned the filing of the record in this court will not be treated as a motion for an appeal. And in Hillman Land & Iron Co. v. Commonwealth, 173 Ky. 76, 190 S. W. 467, it was held that the parties could not confer jurisdiction on this court by consent in these circumstances.

Nor does the fact that the construction or validity of a statute is involved give this court jurisdiction. Thompson Straight Whiskey Co. v. Commonwealth, 157 Ky. 393, 163 S. W. 201; Stearns Coal & Lumber Co. v. Unemployment Compensation Commission, 285 Ky. 249, 147 S. W. (2d) 382; Charos v. Jent, 293 Ky. 50, 168 S. W. (2d) 334. And, though it be conceded (without deciding) that this is the character of controversy for which the Declaratory Judgment Act was intended to provide a remedy, that Act was not intended either to enlarge or broaden the jurisdiction of this court or to affect procedure on appeals. In Borchard on Declaratory Judgments, 2 Ed. page 233, it is said:

"It is an axiom that the Declaratory Judgments Act has not enlarged the jurisdiction of the courts over subject-matter and parties, although it manifestly has opened to prospective defendants—and to plaintiffs at an early stage of the controversy—a right to petition for relief not heretofore possessed. In that sense, it has decidedly extended the power of courts to grant relief in cases otherwise within their jurisdiction to pass upon. As in all cases, the court may sua sponte raise the question of its jurisdiction over subject-matter, and consent of the parties cannot confer it."

Though the construction of a statute is involved, the amount in controversy is less than $500 and a motion for an appeal must be made in this court even if the action was properly under the Declaratory Judgment Act.

The appeal is dismissed.