## Jordan et al. v. Merten et al.

January 11, 1949.

S. J. Stallings, David Martin and Charles B. Zirkle for appellants.

Robert J. Speckman and H. Bemis Lawrence for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Dismissing appeal.

William G. Jordan and wife sued William J. Merten, doing business as Merten Realty Company, and I. W. Gerstle to recover $315 paid them as a broker's fee on a sale of real estate, which sale the plaintiffs aver was never consummated. The petition alleges plaintiffs owed defendants a commission of $50 on the deal and asked judgment for $315, credited by the $50, or $265.

The answer denied that the sale was never consummated, and by way of counterclaim defendants averred plaintiffs owed them a commission of $525, to be credited by $315 already paid them, and asked judgment for $210.

By agreement the case was submitted to the court without a jury. After hearing proof he gave judgment in favor of defendants for $525. Plaintiffs excepted to the order overruling their motion for a new trial and prayed an appeal to this court, which was granted by the Jefferson circuit court.

Under KRS 21.060 and 21.080 an appeal from a money judgment for as much as $200, exclusive of interest and costs, but less than $500, can be granted only by this court upon a motion made here. Lower v. Lower, 260 Ky. 729, 86 S. W. 2d 682; Title Insurance & Trust Co. v. Cole, 277 Ky. 512, 126 S. W. 2d 1097. Here, the amount of commission claimed by defendants was $525, but plaintiffs admit they owed defendants $50, hence the amount in controversy was $475; therefore, the trial court was without jurisdiction to grant the appeal. The fact that the trial court gave defendants judgment on their counterclaim of $525 did not make the amount in controversy that sum, since plaintiffs admitted owing defendants $50.

No motion was made to dismiss the appeal nor was the question of the amount involved raised in briefs. However, we are compelled to raise it ourselves as it is one of jurisdiction and cannot be waived. Stephens v. Davis, 286 Ky. 608, 151 S. W. 2d 384.

For the reasons given the appeal is dismissed.