is nothing we can do but affirm the judgment of the chancellor. However, should Corod be able to make its judgment out of the Corporation, then Mr. Hodge should not have to pay it the $1077. We construe the judgment of the chancellor as so holding.

Something is said in Corod's brief concerning the fee retained by Mr. Hodge, as well as the chancellor's action in dismissing Corod's claim against Mrs. Crook for the $1077. Since no cross-appeal was prosecuted by Corod, we are not concerned with either of these items.

The judgment is affirmed.

$206 plus a small amount of interest. The appeal was granted by the lower court.

Since the amount in controversy is less than $500, the granting of the appeal by the lower court did not confer jurisdiction upon this court, and the appeal must be dismissed. Black v. York, 298 Ky. 557, 183 S.W.2d 641; Simpson v. Halcomb, 305 Ky. 849, 205 S.W.2d 352. It is immaterial that the judgment appealed from is a declaratory judgment. Stewart v. City of Corbin, 294 Ky. 284, 171 S.W.2d 445. It is likewise immaterial that the appellee has not moved to dismiss the appeal. Jordan v. Merten, 309 Ky. 105, 216 S.W.2d 906.

Appeal dismissed.

## JENKINS et al. v. BOARD OF EDUCATION OF OWEN COUNTY et al.

Court of Appeals of Kentucky.

Feb. 8, 1952.

Rehearing Denied May 2, 1952.

## CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RY. CO. v. BARKER.

Court of Appeals of Kentucky.

Dec. 14, 1951.

Rehearing Denied May 2, 1952.

R. C. Ford, Jr., Owenton, for appellants.

L. M. Ackman, Williamstown, for appellees.

CULLEN, Commissioner.

The only question in issue on this appeal is whether the appellee owes the appellants