## HOPWOOD v. CROWE.

Court of Appeals of Kentucky.
June 12, 1953.

James E. Moore and C. Warren Eaton, Paducah, for appellant.

Waylon Rayburn, Murray, for appellee.

MOREMEN, Justice.

This appeal is from that portion of a judgment which sustained an attachment of and levy on personal property belonging to appellant.

Appellee, Carl Crowe, filed suit based upon a contract and prayed judgment in the sum of $5,352.10. In the petition, which was verified, were contained grounds for attachment. Simultaneously with the filing of the petition, appellee executed an attachment bond. A general order of attachment was issued and was levied upon property described in the petition. The case came on to be tried and, on the 27th day of May 1952, the jury returned a verdict in favor of appellee in the amount of $1,032.-10. The entry of judgment on the verdict was delayed and, on June 16, 1952, under Section 264 of the Civil Code of Practice, the court tried the issue joined concerning whether or not appellee was entitled to the attachment as alleged in the petition. On the 21st day of June 1952, the final judgment appealed from was entered by the court incorporating the verdict of the jury and awarding the appellee judgment in the amount of $1,032.10, sustaining the ground of attachment and levy thereof and granting the appellant, Frank Hopwood, an appeal to this court. No motion for an appeal has been made here.

By an Act of the General Assembly of 1952, Acts 1952, c. 24, KRS 21.060 was amended in part as follows: "(1) Appeals may be taken to the Court of Appeals as a matter of right from all final orders and judgments of circuit courts in civil cases except: (a) Judgments where the value of the amount or thing in controversy is less than Twenty-Five Hundred Dollars ($2,-500.00), exclusive of interest and costs". By the same Act, Section 21.080 was amended so as to provide that where the amount in controversy is as much as $200, exclusive of interest and costs, and less than $2,500, an appeal may be prosecuted upon paying the tax and filing the record and entering a motion that the appeal be granted. The Act further provided that the amendments above referred to should not apply to appeals granted prior to the

effective date of the Act, which was on June 19, 1952.

Thus it may be seen that we are faced with a condition where, under the terms of the above Act, the circuit court was powerless to grant an appeal and no motion for an appeal has been made in this court. We had a similar situation before the court in Jenkins v. Board of Education of Owen County, Ky., 247 S.W.2d 943, which involved an interpretation of the above sections before amendment when the jurisdictional amounts were $200 and $500, and it was said:

> "Since the amount in controversy is less than $500, the granting of the appeal by the lower court did not confer jurisdiction upon this court, and the appeal must be dismissed. Black v. York, 298 Ky. 557, 183 S.W.2d 641; Simpson v. Halcomb, 305 Ky. 849, 205 S.W.2d 352.. It is immaterial that the judgment appealed from is a declaratory judgment. Stewart v. City of Corbin, 294 Ky. 284, 171 S.W.2d 445. It is likewise immaterial that the appellee has not moved to dismiss the appeal. Jordan v. Merten, 309 Ky. 105, 216 S.W.2d 906."

However in view of the fact that judgment was entered in this case so near the day upon which the Act became effective, the case has been considered by the court and we are of opinion that the circuit court was correct in sustaining the attachment and that no prejudicial error is shown in the record.

Appeal dismissed.