John H. JOHNSON et al., Appellants,

v.

E. M. McCOY'S ADMINISTRATOR (C. Homer Neikirk), Appellee.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Fritz Krueger, Somerset, for appellants.

C. Homer Neikirk, Somerset, for appellee.

SIMS, Judge.

Appellants, John H. Johnson and wife, Josephine, filed suit against E. M. McCoy's administrator to recover $2,345 for care and support they rendered decedent from December 1, 1949, to March 15, 1951. At the conclusion of all the evidence the court directed a verdict for appellee.

Notice of appeal was filed by appellants in the circuit court and they filed the record in the office of the clerk of this court, but filed no motion for appeal. Their statement of appeal found in the record contains this: "This appeal is not prosecuted under § 21.080 of the Kentucky Revised Statutes, and does not involve the custody of a child." We feel constrained to regard the first "not" in the sentence just quoted as being an error, as the only procedure in our statutes for prosecuting an appeal when the amount in controversy is less than $2,500 is under § 21.080.

It is provided in KRS 21.080, "When the amount in controversy is as much as two hundred dollars, exclusive of interest and costs, and less than twenty-five hundred dollars, an appeal may be prosecuted upon paying the tax and filing the record in the office of the Clerk of the Court of Appeals in the time and manner provided by law, and entering a motion that the appeal be granted." In Davis v. Underwood, Ky., 283 S.W.2d 851, we held the provisions of this statute to be mandatory, and that where appellant failed to file motion for an appeal this court does not obtain jurisdiction of the subject matter. It was pointed out in that opinion both RCA 1.180 and CR 73.02(3) provide for a motion for appeal to be filed at the time the record on appeal is docketed in this court.

Since appellant failed to file a motion in this court for appeal, we have no jurisdiction to hear the case and it must be dismissed. It may be of comfort to counsel for appellants to know we have examined the record and find no merit in their attempted appeal. Had it not been dismissed for failure to file motion for appeal, nevertheless, the judgment would have been affirmed on its merits.