**PENNYRILE RURAL ELECTRIC COOPERATIVE CORPORATION, Appellant,**

**v.**

**LYON COUNTY et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 28, 1958.

John O. Hardin, Hopkinsville, for appellant.

C. C. Molloy, Jr., Eddyville, for appellees.

MONTGOMERY, Judge.

This action was filed by the county attorney of Lyon County in his official capacity on behalf of himself and Lyon County against the Pennyrile Rural Electric Cooperative Corporation and the fiscal court of Lyon County and its members. A declaration of rights was sought to determine the liability of Lyon County for the expense of removing and relocating certain electric lines. Pennyrile, by a counterclaim, sought recovery of $871.97 as the amount of expense involved. The Chancellor held that Lyon County was not liable for the expense of .moving the electric lines under the terms of a franchise granted to Pennyrile, and that the officials of Lyon County had no authority to obligate the county to pay therefor. Pennyrile's counterclaim was dismissed.

Notice of appeal was given by Pennyrile on June 11, 1957. The record on appeal was filed August 8, 1957. No motion for an appeal was filed until October 2, 1957, which was after a motion to dismiss the appeal had been made.

The matter in controversy here is whether Pennyrile is entitled to collect $871.97 from Lyon County. When the amount in controversy on appeal is between $200 and $2,500, a motion for an appeal is required. KRS 21.080. In such cases, the motion must be made at the time the record on appeal is docketed in this Court.

CR 73.02(3). The motion was made too late. Timely making of the motion is jurisdictional. The failure to make a timely motion for appeal is a proper ground for dismissal of the appeal. Hopwood v. Crowe, Ky., 259 S.W.2d 40; Johnson v. McCoy's Adm'r, Ky., 284 S.W.2d 676; Cole v. Frazier, Ky., 294 S.W.2d 82; Mann Chemical Corporation v. Louisville Water Company, Ky., 294 S.W.2d 91; Strong v. Denton, Ky., 300 S.W.2d 246.

Appeal dismissed.