Charles KAYROUZ et al., Appellants,

v.

Lawrence W. JOINER et al., Appellees.

Court of Appeals of Kentucky.

March 13, 1964.

Rehearing Denied May 15, 1964.

Henry A. Triplett, Boone & Triplett, Louisville, for appellants.

Sandy Paniello, Louisville, for appellees.

DAVIS, Commissioner.

This appeal must be dismissed for appellants' failure to comply with the requirements of RCA 1.180 for appeals falling within KRS 21.080.

The litigation before us arose from a real estate transaction in which appellants were the proposed sellers, appellees Joiner, the proposed buyers, and appellee Zettwoch-Fortner Corporation, the real estate broker.

The sellers had refused to carry out the contract, maintaining that it had terminated. The buyers filed suit for specific performance against the sellers. The complaint sought $1,500 in damages and specific performance, or, in the alternative, $14,000 in damages if specific performance was denied.

The sellers brought the broker in as third-party defendant, seeking indemnity for any sum which the buyers might recover. The broker asserted its claim against the sellers for $760 as commission due for the "sale" to the buyers.

The chancellor entered judgment denying any relief to the buyers, but he adjudged the broker entitled to the claimed brokerage commission of $760. The third-party claim of sellers against broker for indemnity was, of course, dismissed.

On its face, the judgment of the trial court is a money judgment in favor of broker against sellers for $760. However, the judgment recites that the amount in controversy is more than $2,500. So it would be had the *buyers* appealed, since they had sought damages in the sum of $14,000. Patently, the only sum involved on this appeal by the *sellers* is the $760 broker's commission. RCA 1.180 requires that appeals involving sums as much as $200 and less than $2,500 be prosecuted by appropriate motion for appeal. The failure to so prosecute an appeal in which the sum at stake is within the monetary ranges mentioned in KRS 21.080 is fatal. See Pennyrile Rural Electric Cooperative Corporation v. Lyon County, Ky., 318 S.W.2d 430, and cases there cited.

It must be observed that KRS 21.070 provides that the trial court may fix a value in controversy which is conclusive *if* the judgment does not certainly fix the value *when construed in connection with the pleadings*. However, the trial court may not create an absolute right of appeal to this court by reciting a value that has no basis when the judgment is construed in connection with the pleadings. Cf. Roth v. Stauble, Ky., 313 S.W.2d 269. As pointed out, such was not the purpose of the trial judge in the case at bar. Manifestly, the value of the thing in controversy as it relates to this appellant is $760 and no more.

The appeal is dismissed.