COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Russell BARKER et al., Appellees.

Court of Appeals of Kentucky.

May 22, 1964.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Walter Mobley, Flemingsburg, for appellant.

B. G. Brammell, Morehead, for appellees.

DAVIS, Commissioner.

In this highway condemnation suit, the appellee property owners were awarded judgment of $895.25 by the Rowan County Court. They appealed to the Rowan Circuit Court; the Department of Highways appealed also (we are told in its brief) but dismissed the appeal in circuit court. For our purposes, it is as if no appeal from county court to circuit court was taken by the Department of Highways.

Upon a jury trial in the circuit court, a judgment for appellees in the sum of $3,000 was entered, pursuant to the jury's verdict. The Department of Highways has prosecuted this appeal *as a matter of right*. KRS 21.060 and 21.080. No motion for appeal was filed as specified by RCA 1.180.

■ By its failure to effectively appeal from the county court judgment, the Department admitted liability of $895.25, the amount of the unappealed judgment. If the circuit court jury had awarded a smaller sum, the property owners yet would have been entitled to judgment for $895.25. Commonwealth of Kentucky, Dept. of Highways v. C. S. Brent Seed Co., Ky., 376 S.W. 2d 310. The circuit court verdict and judgment awarded $3,000; the difference between the judgment of $3,000 in circuit court and the judgment of $895.25 in county court is $2,104.75.

■ It is true that the circuit court judgment recites that the amount in con-

troversy is more that $2,500. But this recital may not serve to establish as fact that which is fiction. KRS 21.070 provides that a statement in the judgment of the actual value in controversy is conclusive *provided* the judgment, when construed with the pleadings, does not certainly fix the value of the amount in controversy. Here the pleadings include the unappealed county court judgment for $895.25, which establishes, when construed with the circuit court judgment, that the sum in controversy on appeal is $2,104.75. Therefore, the recital in the judgment cannot control. See Roth v. Stauble, Ky., 313 S.W.2d 269 (overruled on another point in Creech v. Jackson, Ky., 375 S.W.2d 679).

 In Fidelity-Phenix Fire Ins. Co. of New York v. Henry, 248 Ky. 818, 60 S.W.2d 111, we recognized the general rule that the amount in controversy on an appeal is the difference between the admitted liability and the amount of the judgment. To the same effect see Breeze v. Rosedale Park, Inc., Ky., 294 S.W.2d 553; 4 Am.Jur.2d, Appeal and Error, § 33, p. 560; 58 A.L.R. 2d 138, et seq.

In Greenwade v. Williams, Ky., 281 S.W.2d 707, we recognized the rule that "amount in controversy" as used in KRS 21.080 refers to the controversy in this court, not the circuit court. Unfortunately, in that opinion appears a statement which is *obiter dictum,* and is not universally correct. It may not always be said that the amount of the judgment against a defendant is the amount in controversy upon an appeal by the defendant—since the defendant may actually have conceded liability for most of the claim against him. To the extent that Greenwade v. Williams, supra, is in conflict with the views here expressed, it is overruled.

Since the amount in controversy is less than $2,500, it follows that this appeal must be dismissed for appellant's failure to prosecute it as prescribed by RCA 1.180. Hopwood v. Crowe, Ky., 259 S.W.2d 40;

Jordan v. Merten, 309 Ky. 105, 216 S.W.2d 906; Cole v. Frazier, Ky., 294 S.W.2d 82; Mann Chemical Corp. v. Louisville Water Co., Ky., 294 S.W.2d 91; Pennyrile Rural Electric Co-op. Corp. v. Lyon County, Ky., 318 S.W.2d 430.

The appeal is dismissed.