**Otis BLACKBURN et al., Appellants,**

v.

**John W. HAYES et al., Appellees.**

Court of Appeals of Kentucky.

May 20, 1966.

Rehearing Denied Sept. 23, 1966.

Joe Hobson, Prestonsburg, for appellants.

W. A. Daugherty, Jean L. Auxier, Pikeville, for appellees.

MONTGOMERY, Judge.

Otis Blackburn and his wife, Eleanor, seek to appeal from a judgment in favor of John W. Hayes and his wife, Genevieve. The action was brought by the Hayeses to secure a determination of the respective rights of the parties to the use of a water well located on the Blackburn property. It was adjudged that a purported conveyance of the appellees' right to the water be held for naught and that the appellees were entitled to use of water from the well.

It is unnecessary to discuss the grounds urged for reversal by appellants in view of our determination that the appeal must be dismissed. Although this action has been denominated a declaratory judgment action, in essence it is a suit to reform a portion of a deed inserted allegedly by fraud. It involves the ownership and use of water from a well which admittedly cost $650. Appellants say that appellees' interest in the well is now worth $300. The appeal has been perfected as a matter of right, no motion for an appeal having been made. The judgment recites that the amount in controversy exceeds the sum of $2,500.

In Commonwealth, Department of Highways v. Barker, Ky., 379 S.W.2d 481, it was held that "* * * this recital may not serve to establish as fact that which is fiction." KRS 21.070 provides that a trial court may fix the value of the thing in controversy which is conclusive if the judgment does not certainly fix the value when construed in connection with the pleadings. Neither the pleadings nor judgment indicate the value of the thing in controversy, except the recitation of $2,500. In Kayrouz v. Joiner, Ky., 377 S.W.2d 890, it was held that "* * * the trial court may not create an absolute right of appeal to this court by reciting a value that has no basis when the judgment is construed in connection with the pleadings." In view of the absence of any value in the pleadings and in view of

 

the admitted values by the appellants which are sustained by the evidence, the amount in controversy here manifestly is $300. This is insufficient to justify an appeal as a matter of right. An examination of the record on the merits does not indicate a meritorious appeal.

Appeal dismissed.