**George POWERS, Appellant,**

v.

**KNOX COUNTY, Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

May 10, 1968.

J. W. Jordan, Barbourville, for appellant.

John C. Dixon, Barbourville, for appellees.

DAVIS, Commissioner.

George Powers has undertaken this appeal as a matter of right, asserting in his statement of appeal that the jurisdictional amount on appeal is $2500. KRS 21.060. Our examination of the record does not disclose that the amount on appeal is as much as $2500, and the appeal must be dismissed as not being prosecuted upon motion as required by KRS 21.080 and RCA 1.180.

Appellant filed suit against Knox County, asserting that the county had destroyed a private passway he owned. In his original action a judgment was entered directing the county to provide him with a satisfactory substitute passway, but no monetary recovery was sought or allowed through that judgment. When the fiscal court failed to comply with the first judgment, appellant filed a second suit looking toward enforcement of the first judgment and praying for damages of $2500. An agreed judgment was entered in the second case directing the county to provide a roadway and allowing recovery of $200 and costs to Powers.

When the county failed to comply with the terms of the second judgment, motions were made by Powers seeking to enforce the judgment. The court set the matter for hearing and viewed the roadway as ultimately provided by the county and with which Powers is dissatisfied. The court entered a supplemental judgment on February 17, 1966, in which it was recited that the approach, as built, substantially com-

plies with the terms of the original judgment; and the case was left upon the court's docket upon the question of damages only. However, on February 22, 1966, the court entered a second supplemental judgment in which it was recited that the county had made a good-faith offer to pay Powers $250 (whether in satisfaction of the original $200 in the agreed judgment is not disclosed) which offer of $250 had never been withdrawn and was approved by the circuit court in the second supplemental judgment of February 22.

It is from this morass of judgments that the present appeal has been undertaken, but we can find nothing in the record to justify any claim that the amount in controversy on appeal is as much as $2500. In such circumstances, the appeal must be dismissed. Kayrouz v. Joiner, Ky., 377 S.W. 2d 890; Blackburn v. Hayes, Ky., 405 S.W. 2d 740.

The appeal is dismissed.

All concur.