**R. G. BRATTON and Stella May Bratton, Appellants,**

v.

**G. W. SHELL and G. B. Shell, Appellees.**

Court of Appeals of Kentucky.

June 7, 1968.

As Modified on Denial of Rehearing Nov. 15, 1968.

Richard P. Moloney, Lexington, for appellants.

James F. Clay, Clay & Clay, Danville, for appellees.

OSBORNE, Judge.

Appellants instituted this proceeding in the Garrard Circuit Court alleging that defendants trespassed upon their land and committed damage thereto by cutting trees and eradicating water holes. Appellee counterclaimed seeking to have the boundary between the two properties established. The action for damages was tried before a jury who returned a verdict for the plaintiff in the amount of $100. The trial court reserved to itself the question of establishing a boundary line between the parties. Judgment was entered upon the jury's verdict awarding damages on April 8, 1966. Following the entry of this judgment the trial court took under advisement the question concerning the boundary line between the parties. Judgment was entered establishing the boundary line on November 12, 1966.

Appellant prosecutes this appeal from the judgment of November 12, 1966. Even though the appeal is prosecuted from the judgment of November 12, apparently it encompasses the judgment of April 8 under provisions of Civil Rule 54.02(2). However, no objection is made upon this appeal of the action taken by the court in the April judgment. Appellant's only contention is that the trial court erred in fixing the boundary between the parties in the judgment of November 12. We have searched the record and find no place where the value of the land in dispute has been fixed by the court. Appellant made no objection either in the trial court or this court to the judgment of·April 8, therefore, he has abandoned the claim asserted there-

in. These matters no longer being in controversy cannot serve to supply the requisite amount for jurisdictional purpose.

The land involved runs along the edge of a bluff between the foot of the bluff and a creek. At no point is it more than 100 feet wide. It is rocky, brushy and generally unusable. The only question involved in this appeal is the correctness of the judgment as to the boundary lines. The record not revealing the value of the land in controversy, there is no showing of jurisdiction.

Therefore, the appeal is dismissed. Stokes v. Henderson, Ky., 276 S.W.2d 12; Kayrouz v. Joiner, Ky., 377 S.W.2d 890.

All concur.